422 P.2d 693

**STATE of Arizona, Appellee,**
v.
**Francis Hamilton GRISWOLD, Appellant.**
**No. 1717.**

Supreme Court of Arizona.

In Banc.

Jan. 25, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Lewis, Roca, Scoville, Beauchamp & Linton, by John J. Flynn, Paul G. Ulrich, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant, a sixty-four year old man, upon a plea of guilty, was pronounced guilty of the second degree murder of his wife. A hearing in mitigation of sentence was held. Following the hearing the defendant was sentenced to not less than thirty-six nor more than forty years in the State Prison.

The first claim made by the defendant is that the Superior Court of Apache County was without jurisdiction to try this case for the reason that the alleged crime occurred on an Indian Reservation. The defendant urges this Court to rule that the only Court with jurisdiction to hear this matter is the Federal Court, although both the defendant and the victim were non-Indians.

Section 20(2) of the Enabling Act, A.R. S., 36 Stat. 569 and Art. 20, Para. 4 of the Arizona Constitution provide that the Indian Reservations " * * * shall be, and remain, subject to the disposition and under the absolute jurisdiction and control of the Congress of the United States * * *." The existence of this disclaimer clause might seem to support the contention of the defendant. However, the United States Supreme Court has ruled that when the accused and the victim are both non-Indians the state courts have exclusive jurisdiction to try the case even though the alleged crime occurred on an Indian Reservation. United States v. McBratney, 104 U.S. 621, 26 L.Ed. 869 (1881). This rule applies

unless there is language changing it in the Enabling Act which provided for the admission of Arizona as a state.

■ The Enabling Act which provided for the admission of Montana into the Union in 1889, stated almost exactly what twenty-one years later was stated in the Arizona Enabling Act and Constitution. After Montana became a state, a crime was committed by one non-Indian against another non-Indian upon an Indian Reservation. Trial was had in the Federal Court. The United States Supreme Court ruled that the provision in the Enabling Act, (similar to the one later adopted by Congress for Arizona) regarding jurisdiction over Indian Reservations, had not changed the rule that states had exclusive jurisdiction over the crimes committed on Indian Reservations involving non-Indians. Draper v. United States, 164 U.S. 240, 17 S.Ct. 107, 41 L.Ed 419 (1896). By employing almost the same language interpreted in the Draper case, supra, in the Arizona Enabling Act, we conclude Congress manifested an intent to accept the United States Supreme Court's determination that the state has jurisdiction over crimes involving non-Indians committed on Indian Reservations. Thus, this case was properly brought in the state court.

■ The appellant next contends that the imposition of a sentence of not less than thirty-six nor more than forty years is excessive in light of special circumstances. In mitigation of sentence the defendant points out the following facts: (1) his age; (2) his good reputation as a substantial business man within the community, and (3) his lack of a criminal record save for a conviction for drunken driving. We have stated on many occasions that this Court will not upset the sentence imposed by the trial judge so long as that sentence is within the statutory limitations and is not an abuse of judicial discretion. State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386 (1966); State v. Bradley, 99 Ariz. 328, 409 P.2d 35 (1965).

 In the hearing held by the trial judge to determine what sentence should be imposed upon this defendant there was evidence admitted to show that the defendant had threatened the life of his own son. There was also medical evidence demonstrating that the defendant was a man of intemperate moods. It was not improper for the trial judge to consider this testimony in light of his responsibility to society. We will not say that under the circumstances of this case the trial judge abused his discretion in imposing such a severe penalty.

Judgment affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.