523 P.2d 490

**Francis H. GRISWOLD, Appellant,**

v.

**A. E. GOMES, Warden, Arizona State Prison, et al., Appellees.**

**No. 11211.**

Supreme Court of Arizona,
In Banc.

June 13, 1974.

Francis H. Griswold, in pro. per.

Gary K. Nelson, Atty. Gen., by Grove M. Callison, Former Asst. Atty. Gen., Phoenix, for appellees.

CAMERON, Vice Chief Justice.

The appellant, Francis H. Griswold, appeals from the dismissal and denial of a petition for writ of habeas corpus filed in Pinal County Superior Court.

Appellant, in his petition for writ of habeas corpus, raised some 42 propositions in support of his position and enlarged the number on appeal. When the frivolous matters are discarded and the remaining matters logically consolidated, the following questions are proper for consideration:

1. Was this case exclusively in the jurisdiction of the federal government because the defendant-appellant was an American Indian?

2. Did the Superior Court lack jurisdiction because:

   a. The justice of the peace who held the preliminary hearing did not meet the requirements to hold office?

   b. The justice of the peace was biased and prejudiced against the appellant?

   c. The coroner's jury failed to find that death took place by criminal means?

3. Was appellant denied effective assistance of counsel?

A brief prior history concerning appellant is necessary to understand the issues of this case.

Francis Griswold was a 64 year old federally licensed Indian trader who, along with his wife, operated a trading post on the Apache County portion of the Navajo Indian Reservation. He was arrested and charged with the first degree murder of his wife on 16 November 1965. Following the preliminary hearing, he was held to answer in the Superior Court of Apache County where he pled guilty to a reduced charge of second degree murder. On 20 March 1966, after a mitigation hearing, appellant was sentenced to serve a term of not less than 36 nor more than 40 years in the Arizona State Prison. Notice of appeal was filed and Griswold's conviction was upheld by this court in State v. Griswold, 101 Ariz. 577, 422 P.2d 693 (1967), cert. den. 388 U.S. 913, 87 S.Ct. 2113, 18 L.Ed.2d 1352. On 29 March 1968, appellant filed a petition for writ of coram nobis with this court. The motion was granted on 11 April 1968 and the Apache County Superior Court was ordered to hold an evidentiary hearing to determine whether appellant fully understood the consequences of his plea and whether he voluntarily pled guilty to second degree murder. The evidentiary hearing was held on 28 May 1968 and both issues were decided adversely to appellant. This court upheld the Apache County Superior Court in State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). See also Griswold v. Eyman, 452 F.2d 923 (9th Cir. 1971). Appellant also filed a petition for writ of certiorari with the United States Supreme Court which was denied on 12 June 1967. Griswold v. Arizona, 388 U.S. 913, 87 S.Ct. 2113, 18 L.Ed.2d 1352 (1967).

On 3 January 1973, Griswold filed a petition for writ of habeas corpus in the Pinal County Superior Court. The State filed a motion to dismiss said petition which was granted on 5 March 1973. On 9 March 1973, appellant filed an affidavit alleging for the first time, in an addendum to his petition, that he was an American Indian. Appellant's petition was denied on 12 March 1973 with the following order:

> "It is ordered denying the writ of habeas corpus in the above-entitled cause in that all of the matters raised in this petition were either raised on a prior appeal or could have been raised."

## WAS THIS CASE EXCLUSIVELY IN THE JURISDICTION OF THE FEDERAL GOVERNMENT?

The first time the appellant argued The possibility that he is an American Indian was in this petition for writ of habeas corpus—7 years after his guilty plea. In the original appeal from the conviction, he raised the jurisdictional issue but did not claim to be an American Indian. State v. Griswold, 101 Ariz. 577, 422 P.2d 693, supra. At that time he urged this court to rule that the only court with jurisdiction to hear this matter was the federal court, although both he and the victim were *non-American Indian*. This court in affirming the conviction stated:

"* * * The defendant urges this Court to rule that the only Court with jurisdiction to hear this matter is the Federal Court, although both the defendant and the victim were non-Indians.

"* * * the United States Supreme Court has ruled that when the accused and the victim are both non-Indians the state courts have exclusive jurisdiction to try the case even though the alleged crime occurred on an Indian Reservation. United States v. McBratney, 104 U.S. 621, 26 L.Ed. 869 (1881). * * *." State v. Griswold, supra, 101 Ariz. at 577, 422 P.2d at 693.

The appellant has had ample opportunity to declare his American Indian background and has failed to do so.

Nor does it appear that others recognized him as an American Indian:

1. At the inquisition into the death of appellant's wife, one of the Navajo policemen called as a witness made several references to appellant and his wife as being "non-Indians."

2. An affidavit from J. Kendall Hansen, attorney, who had been retained to represent Griswold on the murder charge during the latter part of 1965 stated that he was present at numerous interviews with Griswold and that at no time did Griswold make any claim or statements that he was an American Indian or part American Indian.

In State v. Attebery, 110 Ariz. 354, 519 P.2d 53 (1974), we adopted the test set forth in Makah Indian Tribe v. Clallam County, 73 Wash.2d 677, 440 P.2d 442 (1968), in which the Washington court concluded that the test of American Indian status depends primarily on two things: (1) a substantial percentage of Indian blood and (2) recognition as an American Indian. Our search of the record does not reveal that Griswold has met either of these criteria. We find no lack of State jurisdiction based on defendant's alleged American Indian background.

## LACK OF JURISDICTION IN THE SUPERIOR COURT BECAUSE OF ALLEGED IRREGULARITIES PRIOR TO PLEA

Appellant contends that the justice of the peace did not meet the requirements to hold office, was biased and prejudiced, and further that the coroner's jury failed to find that death took place by criminal means. Even if the defendant were factually and legally correct in these allegations, it would be of no help to him. He entered an intelligent and knowing plea of guilty in the Superior Court, State v. Griswold, 105 Ariz. 1, 457 P.2d 331, supra. The Superior Court had jurisdiction, and by pleading guilty defendant waived these alleged defects in the proceedings prior to the plea. State v. Defoy, 109 Ariz. 159, 506 P.2d 1053 (1973); State v. White, 102 Ariz. 18, 423 P.2d 716 (1967); State v. Brazeal, 99 Ariz. 248, 408 P.2d 215 (1965).

## THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that he was inadequately represented by counsel. Defendant was represented by four attorneys at the time of his plea, two from Arizona and two from the State of New Mexico. We have reviewed the record and find no

error.   State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966).

### OTHER MATTERS

The only remaining issue raised by the defendant was the alleged unlawful taking of appellant's property by law enforcement officials, the county attorney and the justice of the peace.   Griswold contends that there was an illegal disposition made of the community estate of his deceased wife.   He contends that there was a taking of money and property from the Nazlini Trading Post by the above mentioned officials.   Without discussing the merits of these allegations, we need only state that they are not a proper subject for habeas corpus.   It is well established that the purpose of a writ of habeas corpus is to test the legality and correctness of a prisoner's judgment and confinement.   See, e. g., Foggy v. State ex rel. Eyman, 107 Ariz. 532, 490 P.2d 4 (1971); State v. Grantham, 30 Ariz. 591, 249 P. 758 (1926).   Further, appellant's arguments about alleged confiscation of his property and loss of his inheritance rights have been considered by our Court of Appeals in In Re Estate of Griswold, 13 Ariz.App. 218, 475 P.2d 508 (1970), and appellant presented the matter in his opening brief to the United States Court of Appeals for the 9th Circuit in Griswold v. Eyman, supra.

### CONCLUSION

The writ of habeas corpus is not intended to serve as a means for a defendant to obtain successive appeals, and all issues which were raised by a defendant on appeal or which might have been raised on appeal are precluded from attack in subsequent petitions for writ of habeas corpus. See, e. g., State v. Superior Court, 103 Ariz. 208, 439 P.2d 294 (1968); State v. Pill, 5 Ariz.App. 277, 425 P.2d 588 (1967). It is obvious from our review of the record in this case that appellant Griswold has been afforded every appellate opportunity available to a criminal defendant, not only by the courts of this State, but by the federal court system.   The legal doctrine of res judicata has long been the mainstay of our judicial system, and even though it has not always been applied conscientiously to the criminal justice system, the time has come to apply it in the instant matter: a case wherein the defendant, represented by counsel, entered a plea of guilty thereby admitting his guilt.

The denial of the writ of habeas corpus is affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.