THE STATE OF NEVADA, Appellant, v.
EUGENE JONES, Respondent.

No. 8416

February 20, 1976                    546 P.2d 235

[Rehearing denied March 23, 1976]

*Robert List,* Attorney General, and *Larry G. Bettis,* District Attorney, Mineral County, for Appellant.

*Harry A. Busscher,* Reno, for Respondent.

## OPINION

*Per Curiam:*

A Nevada Highway Patrolman arrested respondent Eugene Jones, a non-Indian, on U.S. Highway 95 within the exterior

---

boundaries of the Walker River Paiute Indian Reservation for possession of marijuana. The district court, ruling that it lacked jurisdiction over all criminal matters occurring on an Indian reservation, dismissed the charges against respondent. The State here contends that it has jurisdiction over crimes involving neither Indians nor their property committed on an Indian reservation. We agree.

An Indian reservation is a part of the State within which it is located, and offenses committed thereon, not involving Indians or Indian property, are punishable by the State. N.Y. ex rel. Ray v. Martin, 326 U.S. 496 (1945); Draper v. United States, 164 U.S. 240 (1896); United States v. McBratney, 104 U.S. 621 (1881). The State, therefore, may assert jurisdiction over respondent. Ex Parte Crosby, 38 Nev. 389, 149 P. 989 (1915).

Reversed and remanded.