## EUGENE JONES, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 10165

November 10, 1978                    585 P.2d 1340

*Harry A. Busscher,* of Reno, for Appellant.

*Larry G. Bettis,* District Attorney, Mineral County, for Respondent.

## OPINION

*Per Curiam:*

The appellant contends that the district court was without

jurisdiction to entertain the charge against him, that of possessing a controlled substance, since the State failed to prove that he was not an Indian and his offense occurred in Indian country; that the trial jury was unconstitutionally impaneled because the jurors were required to take an oath to God, thereby systematically excluding from jury service those who do not believe in God or believe in a different supreme being; that the court should have advised the jury to return a not guilty verdict; and that the controlled substance, marijuana, was illegally seized from the trunk of his car in violation of his Fourth Amendment rights. Consequently, we are asked to annul his conviction. We decline to do so since his contentions of error are without merit. We turn to explain why this is so.

1. An offense committed in Indian country by one who is not an Indian is punishable by the State. State v. Jones, 92 Nev. 116, 546 P.2d 235 (1976). However, the State is not obliged to prove that the accused is not an Indian. Rather, the accused must shoulder the burden of establishing his Indian ancestry if he seeks to challenge state court jurisdiction. State v. Mendez, 57 Nev. 192, 61 P.2d 300 (1936). The accused did not offer evidence to show that he is an Indian. His attack upon the state court jurisdiction therefore must fail.

2. Statute commands that when a jury has been impaneled in a criminal case its members shall take an oath to God.[1] It is asserted that the statute is unconstitutional since it effectively excludes from jury service in a criminal case all who do not believe in God. Schowgurow v. State, 213 A.2d 475 (Md.1965). The contention would be persuasive but for NRS 169.115 which declares that "oath" includes an affirmation. Where an affirmation is permitted in lieu of an oath, a juror's freedom of religion is not violated. State v. Albe, 460 P.2d 651 (Ariz.App. 1969); Jenke v. State, 487 S.W.2d 347 (Tex.Crim.App. 1972).

3. NRS 175.381 allows the court to advise the jury to acquit the defendant if the court deems the evidence insufficient. In this case the court refused to so advise the jury and this discretionary ruling is asserted to be error. A review of the record reveals sufficient evidence to support the jury verdict. The court did not abuse its discretion. Geer v. State, 92 Nev. 221, 548 P.2d 946 (1976).

[1]NRS 175.111: "When the jury has been impaneled, the court shall administer the following oath:

'Do you and each of you solemnly swear that you will well and truly try this case, now pending before the court, and a true verdict render according to the evidence given, so help you God.' "

4. Since the record contains substantial evidence that the seizure of marijuana from the trunk of the car was with the voluntary consent of the accused, he has waived any right now to assert a Fourth Amendment violation. McIntosh v. State, 86 Nev. 133, 466 P.2d 656 (1970).

Affirmed.