598 P.2d 1033

**The STATE OF Arizona, Appellee,**

v.

**Peter Mendoza HERBER, Appellant.**

**No. 2 CA–CR 1259.**

Court of Appeals of Arizona,
Division 2.

May 9, 1979.

Rehearing Denied June 14, 1979.

Review Denied July 17, 1979.

See also 121 Ariz. 374, 590 P.2d 913.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Carol Benyi and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Auerbach & Freeman by Roger S. Auerbach, Tucson, for appellant.

James W. Moorman, Asst. U. S. Atty. Gen. by Peter R. Steenland, Jr. and Neil T. Proto, Lawrence A. Hammond and Judith W. Wegner, Dept. of Justice, Washington, D. C., for the United States as amicus curiae.

## OPINION

RICHMOND, Chief Judge.

This court originally reversed appellant's conviction of unlawful possession of marijuana for sale on the ground that his arrest on the Papago Indian Reservation by agents of the Arizona Department of Public Safety and the subsequent search of his vehicle were illegal under *Francisco v. State*, 113 Ariz. 427, 556 P.2d 1 (1976). On motion for rehearing, however, we are convinced that the *Francisco* case is inapposite. Consequently, we affirm and this opinion is substituted in place of our former opinion, which shall remain unpublished.

Appellant is a non-Indian whose arrest followed a series of events beginning with a telephone call informing the Department of Public Safety that a green two-and-one-half-ton stakebed truck traveling approximately 40 miles from Sells, Arizona, might be transporting contraband. The caller had obtained his information by monitoring a citizens band radio transmission from a Radio Emergency Associated Citizen Team center in San Antonio, Texas, which in turn had picked up the information from a mobile CB operator in Arizona.

A DPS officer relayed the information to the Sells Police Department, a tribal Indian

authority, and asked if they could locate the vehicle. He also contacted his supervisor, who arranged for a search of the area in a state plane and subsequently located the truck on State Highway 86. By flying over it, he was able to observe boxes and light-colored burlap bags containing rectangular shapes which in his experience might be marijuana.

Appellant, after observing the plane, turned off highway 86 onto San Pedro Road on the Papago reservation, proceeded some distance and stopped, ran from the truck and hid under some trees. When the DPS ground units arrived he was arrested and a look into the open top truck revealed what later proved to be more than 9,000 pounds of marijuana.[1]

After appellant had waived his right to a jury trial and the case had been submitted to the court on the testimony at a suppression hearing, he was found guilty of unlawful possession of marijuana for sale and sentenced to a prison term of not less than two nor more than five years. On appeal he challenges the legality of his arrest and the search on two grounds. In addition to his argument that the DPS agents lacked authority for the arrest, he contends the anonymous tip originating with the mobile CB operator in Arizona was insufficient to establish probable cause.

■■■ In *Francisco v. State*, supra, the Supreme Court of Arizona held that a Pima County deputy sheriff was without authority to make valid service of process within the boundaries of the Papago reservation because "Arizona has no authority to extend the application of its laws to an Indian reservation." 113 Ariz. at 431, 556 P.2d at 5. Francisco, however, was an Indian; Herber is not. The infringement on tribal sovereignty presented by the facts in *Francisco* thus is absent from this case. Jurisdiction of Arizona to prosecute and punish non-Indians for crimes against non-Indians committed on an Indian reservation is beyond dispute. *United States v. McBratney,*

104 U.S. 621, 26 L.Ed. 869 (1881); *State v. Griswold,* 101 Ariz. 577, 422 P.2d 693 (1967); *and see United States v. Wheeler,* 435 U.S. 313, 324, n. 21, 98 S.Ct. 1079, 1087, n. 21, 55 L.Ed.2d 303, 313, n. 21 (1978). Conversely, Indian tribal courts lack criminal jurisdiction over non-Indians. *Oliphant v. Suquamish Indian Tribe,* 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978). In the absence of any potential conflict of jurisdiction, we see no reason to extend the rule of *Francisco* to preclude the arrest of a non-Indian by state law enforcement officers who have pursued him onto an Indian reservation.

■■■ While the anonymous tip from a CB operator alone is insufficient to establish probable cause for the arrest and search, the confirming observations of appellant's flight and what appeared to be sacks of marijuana in the back of the truck provided sufficient corroboration. *State v. Miller,* 112 Ariz. 95, 537 P.2d 965 (1975). Although appellant contends his consent to the search of the truck was coerced, the court's ruling on the motion to suppress is supported on either of two other grounds: abandonment by appellant running from the truck, and the plain view of its contents which appeared to be contraband. *State v. Childs,* 110 Ariz. 389, 519 P.2d 854 (1974).

Affirmed.

HOWARD and HATHAWAY, JJ., concurring.

---

1. Although one of the arresting officers testified appellant was merely "taken into custody" and not "arrested" until after the search, appellant was handcuffed and several officers kept their revolvers pointed at him as they escorted him back to the truck.