669 P.2d 614

**STATE of Arizona, Appellant,**

v.

**Francisco R. BURROLA, Appellee.**

**No. 1 CA–CR 6005.**

Court of Appeals of Arizona,
Division 1, Department D.

May 10, 1983.

Rehearing Denied July 12, 1983.

Review Denied Sept. 9, 1983.

David S. Ellsworth, Yuma County Atty. by Jon W. Thompson, Deputy County Atty., Yuma, for appellant.

Garth Nelson, Yuma, for appellee.

OPINION

HAIRE, Presiding Judge.

The sole issue in this appeal is whether the state of Arizona has jurisdiction to try a non-Indian defendant who is arrested on an Indian reservation by tribal police officers for a victimless criminal offense which occurred on the Indian reservation.

Appellee Burrola was charged by indictment with possession of a deadly weapon by

a prohibited possessor, in violation of A.R.S. § 13–3102(A)(4). The Yuma County Superior Court granted Burrola's motion to dismiss the charge for lack of jurisdiction, and the state appeals.

The parties generally agree on the following facts. In January 1982, law enforcement officers for the Colorado River Indian Tribes, who were patrolling a portion of the tribe's reservation near Parker, Arizona, observed a van run a stop sign and fail to yield the right-of-way to another vehicle. The van continued down the highway at a high rate of speed. The law enforcement officers finally effected a traffic stop at a location within the reservation. The driver stumbled several times as he exited the van and appeared to be under the influence of intoxicating liquor. After the driver was arrested, his vehicle was inventoried and a loaded, cocked .22 caliber handgun was found concealed under blankets in the vehicle. This driver was appellee Burrola, a non-Indian who had previously been convicted of a weapons offense in California.

■ The general proposition that states have exclusive jurisdiction over non-Indians committing offenses against non-Indians on Indian reservations is firmly established. See New York ex rel. Ray v. Martin, 326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261 (1946); Draper v. United States, 164 U.S. 240, 17 S.Ct. 107, 41 L.Ed. 419 (1896); United States v. McBratney, 104 U.S. 621, 26 L.Ed. 869 (1882). Relying on these cases, the Arizona Supreme Court has held that the state has jurisdiction to try a non-Indian defendant in a state court where the offense occurred on an Indian reservation and the victim was also a non-Indian. See State v. Attebery, 110 Ariz. 354, 519 P.2d 53 (1974); State v. Griswold, 101 Ariz. 577, 422 P.2d 693, cert. denied, 388 U.S. 913, 87 S.Ct. 2113, 18 L.Ed.2d 1352 (1967). This application of state law has been sanctioned in cases not involving essential tribal relations or jeopardizing rights of Indians. See Williams v. Lee, 358 U.S. 217, 219, 79 S.Ct. 269, 270, 3 L.Ed.2d 251, 253 (1959). Furthermore, in determining whether a state may properly assert its authority over the conduct of non-Indians engaging in activity on the reservation, the court should analyze the nature of the state, federal, and tribal interests at stake. See White Mountain Apache Tribe v. Bracker, 448 U.S. 136, 144–45, 100 S.Ct. 2578, 2584, 65 L.Ed.2d 665, 673 (1980). With these principles in mind, we proceed to discuss whether the state may properly exercise criminal jurisdiction under the circumstances of this case.

■ Prosecution of the possessory offense involved in the case at bar within the state courts involves no infringement on tribal sovereignty. Burrola is a non-Indian whose alleged offense did not arise out of contact with an Indian or Indian property. On the other hand, the state has a significant interest in enforcing this particular law to protect the public from dangers involved in possession of a weapon by one previously convicted of a weapons offense. See State v. Noel, 3 Ariz.App. 313, 315, 414 P.2d 162, 164 (1966) (involving A.R.S. § 13–919, predecessor of A.R.S. § 13–3102(A)(4)).

■ It is also clear that Indian tribal courts have no jurisdiction to try a non-Indian defendant for a criminal offense. See Oliphant v. Suquamish Indian Tribe, 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978). Contrary to Burrola's assertion, it is not necessary under the circumstances of this case that Arizona comply with the provisions of 25 U.S.C. §§ 1321–1326 (1976) which delineate the procedures required for a state to assume jurisdiction over criminal offenses committed by or against Indians within the reservation. Therefore, we find nothing to preclude our applying the reasoning of the McBratney line of cases, as relied upon in Griswold and Attebery, to the circumstances of this case. We note that Division Two of this court has upheld a conviction for possession of marijuana obtained in state court where the non-Indian defendant was arrested by state law enforcement officers on Indian land. See State v. Herber, 123 Ariz. 214, 598 P.2d 1033 (App.1979).

Burrola also contends that because the Indian tribal courts have no criminal juris-

diction over a non-Indian defendant, tribal law enforcement officers could not arrest him and initiate proceedings against him in the state courts.[1] While this contention relates to the legality of the arrest, it does not affect the question of jurisdiction we have been asked to address. Burrola was properly charged by indictment, and the effect of an illegal arrest, if any, may be raised appropriately in further proceedings in the trial court. *See* Rule 16.1 et seq., Rules of Criminal Procedure, 17 A.R.S.

This cause is reversed and remanded for proceedings consistent with this decision.

EUBANK and MEYERSON, JJ., concur.

---

1. Indian police officers may qualify to exercise all law enforcement powers of peace officers in the state. *See* A.R.S. § 13–3874. The record does not indicate whether the Indian officers who arrested Burrola were so certified. We also note that a private person may make an arrest. *See* A.R.S. § 13–3884.