No. 88-152

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

        Plaintiff and Appellant,

-vs-

JAMES THOMAS,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        George Schunk, Asst. Atty. General, Helena

    For Respondent:

        George T. Radovich, Billings, Montana

---

Submitted on Briefs:  July 14, 1988

Decided:  August 25, 1988

Filed:  AUG 2 5 1988

*Ethel M. Harrison*

---

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

The State appeals the decision of the Sixteenth Judicial District Court contending that the lower court erred in construing the limits of its jurisdiction. We agree with the State and reverse.

The issue is: Do state courts have jurisdiction over a non-Indian charged with violating § 61-7-108, MCA, on an Indian reservation? Section 61-7-108, MCA, reads:

> Immediate notice of accidents. The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $250 or more shall immediately by the quickest means of communication give notice of such accident to the local police department if such accident occurs within a municipality, otherwise to the office of the county sheriff or the nearest office of the highway patrol.

The relevant facts are as follows: Respondent Thomas allegedly struck a calf owned by the Parkers, an Indian family ranching on the Northern Cheyenne Reservation. The State alleged that Thomas violated the statute by leaving the scene of the accident without giving notice to law enforcement.

The District Court held that state courts do not have jurisdiction for the crime of failing to report an accident where: the accident occurred within the reservation, the driver was a non-Indian, and the property involved in the accident belonged to an Indian. The lower court reached its conclusion by applying Oliphant v. Suquamish Indian Tribe (1978), 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209, and the adoption of the enabling act of Montana under Article I of

2

the Montana Constitution. <u>Oliphant</u>, according to the lower court, prevents jurisdiction of the offense at issue in tribal court because respondent Thomas is a non-Indian. The Montana Constitution, according to the lower court, prevents jurisdiction in state courts under Montana's enabling act because the act provides that reservations are under the absolute jurisdiction of the United States. We disagree with the lower court and reverse on the authority of United States v. Wheeler (1978), 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303, and Draper v. United States (1896), 164 U.S. 240, 17 S.Ct. 107, 41 L.Ed. 419. We hold for the purposes of remand that the state has jurisdiction.

First, in regard to the lower court's holding on Article I of the Montana Constitution, the lower court failed to consider <u>Draper</u>. <u>Draper</u> held that the prohibition in Montana's enabling act against state jurisdiction on Indian reservations did not prevent the State from assuming jurisdiction of crimes committed by non-Indians against non-Indians. <u>Draper</u>, 164 U.S. at 244.

Construction of the applicable federal jurisdictional statute also confirms that state courts have jurisdiction of certain crimes committed on Indian reservations. The statute, 18 U.S.C. § 1152, reads

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian Country.
> This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulation, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

3

18 U.S.C. § 1152 (1983).

According to the United States Supreme Court:

> Despite the statute's broad language, it does not apply to crimes committed by non-Indians against non-Indians, which are subject to state jurisdiction.

Wheeler, 435 U.S. at 325 n. 21. Thus, Oliphant's rule mandating federal jurisdiction for crimes committed by non-Indians against Indians or their property does not apply unless § 61-7-108, MCA, can be classified as a crime against an Indian or an Indian's property.

The difficulty here is in classifying an offense under § 61-7-108, MCA, as one by a non-Indian against an Indian or an Indian's property. The State argues that the offense constitutes a victimless crime because it makes the perpetrator culpable irrespective of injury to person or property. In this situation, the State argues that the following analysis applies:

> [I]n determining whether a state may properly assert its authority over the conduct of non-Indians engaging in activity on the reservation, the court should analyze the nature of the state, federal, and tribal interests at stake. See White Mountain Apache Tribe v. Bracker, 448 U.S. 136, 144-45, 100 S.Ct. 2578, 2584, 65 L.Ed.2d 665, 673 (1980).
>
> . . .
>
> Prosecution of the possessory offense involved in the case at bar within the state courts involves no infringement on tribal sovereignty. Burrola is a non-Indian whose alleged offense did not arise out of contact with an Indian or Indian property.

State v. Burrola (Ariz. App. 1983), 669 P.2d 614, 615. Other courts facing inquiries concerning "victimless" crimes, such as DUI or possession of marijuana, have analyzed the issue in

4

a similar manner.  See State v. Warner (N.M. 1963), 379 P.2d 66; State v. Herber (Ariz. App. 1979), 598 P.2d 1033.  And one authority has explained that:

> Under the logic of United States v. McBratney and Draper v.United States, victimless crimes by non-Indians appear to be subject to state jurisdiction.  Those cases held that jurisdiction over crimes by non-Indians against non-Indians in Indian country rests with the state.  However, their reasoning and their holdings appear broad enough to encompass non-Indian victimless offenses as well.  McBratney concluded that the state maintained jurisdiction over all white persons on the Ute reservation, and Draper held that the state had not been deprived of the power to punish crimes committed on a reservation "by other than Indians or against Indians."  In practice, victimless offenses by non-Indians have been treated in a number of cases as subject to state jurisdiction under McBratney and Draper, on the theory that neither Indians nor their property are affected.

M.B. West, Manual of Indian Criminal Jurisdiction 99 (1977 & Supp. 1982).

Thomas responds that the crime charged here distinguishes this case from decisions by other courts on victimless crimes.  Thomas points out that in Burrola, for example, the court described the crimes as not arising from contact with Indian property.  Here, Thomas argues, the crime did arise from contact with Indian property, to wit, Parkers' calf.

First, we agree with the State and hold that the crime in question cannot be characterized as an offense against Indian property.  The allegedly criminal act is the failure to discharge a reporting duty, not infliction of damage upon property belonging to an Indian.  Thus, the offense is analogous to crimes other courts classify as victimless, and

5

it should be analyzed as a victimless crime for the purposes of determining jurisdiction.

In determining jurisdiction for victimless crimes, we agree that federal, tribal, and state interests should be examined. Burrola, 669 P.2d at 615. We hold here that the federal and tribal interests in providing a federal forum fail to outweigh the State's strong interest in traffic safety. Our reasoning is based on the fact that the policy of providing a federal forum where criminal prosecutions pit the interests of non-Indian offenders against Indian victims is not furthered where, as here, the connection to destruction of Indian property is only tangential to the crime charged. Under these circumstances, the State's interests in highway safety control the issue. Thus, we reverse and remand for further proceedings.

Thomas, without raising the issue in the lower court, and without cross-appealing, has improperly attempted to claim denial of the right to a speedy trial on this appeal. See Rule 14, M.R.App.P. We refuse to review the issue.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6