**STATE of South Dakota, Plaintiff and Appellant,**

**v.**

**Lars LARSON, Defendant and Appellee.**

**Nos. 16438, 16769.**

Supreme Court of South Dakota.

Argued March 20, 1990.

Decided May 9, 1990.

John P. Guhin, Deputy Atty. Gen., Pierre, for plaintiff and appellant; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Andrew B. Reid, Hot Springs, for defendant and appellee.

SABERS, Justice.

We hold that the State does not have jurisdiction to prosecute a simple assault committed in Indian country by a non-Indian against an Indian.

*Facts*

Lars Larson was charged under SDCL 22–18–1(1) with simple assault. He subsequently moved to dismiss the charge due to lack of state jurisdiction. At the hearing on the motion, it was stipulated that Larson is a non-Indian, the alleged assault took place on the Pine Ridge Indian Reservation, and the victim is a member of the Oglala Sioux Tribe. The magistrate judge granted the motion, concluding that the court did not have subject matter and personal jurisdiction over the parties. The State appealed the magistrate court order to the circuit court. The circuit court determined that the State's appeal was untimely and dismissed the appeal. The State appeals this decision.

After receiving the magistrate court's notice of entry of judgment, the State petitioned this court for permission to appeal the magistrate court order directly to this

court. After the circuit court dismissed the appeal before it, we issued our order granting the petition for allowance of an appeal from an intermediate order. As a result, two separate appeals in this case are before the court: 1) the appeal of the circuit court's determination that the appeal from magistrate court was untimely, and 2) the intermediate appeal of the magistrate court order that the State does not have jurisdiction over this matter.

*1. Appeal from circuit court order.*

Since we granted the State's petition to file an intermediate appeal of the magistrate court order, we will decide the merits of the issue appealed to the circuit court. Consequently, the question of the timeliness of the State's appeal to the circuit court is rendered moot.

*2. State jurisdiction to prosecute an offense committed in Indian country by a non-Indian against an Indian.*

The State claims it has concurrent jurisdiction with the federal government to prosecute a non-Indian for a misdemeanor assault committed in Indian country against an Indian. According to the State's argument, the authority for this jurisdiction is derived from the United States Supreme Court's decision in *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 100 S.Ct. 2578, 65 L.Ed.2d 665 (1980). The State interprets *Bracker* as requiring a balancing of tribal, state, and federal interests to determine whether state jurisdiction over non-Indians is preempted by federal jurisdiction.

We find *Bracker* wholly inapplicable to the issue before us. As Justice Marshall explained in his opinion, the court was required in that case "to consider the extent of state authority over the activities of non-Indians *engaged in commerce* on an Indian reservation." *Id.*, 448 U.S. at 137, 100 S.Ct. at 2580, 65 L.Ed.2d at 669 (emphasis added). In other words, *Bracker*

examined state *regulatory authority*, not state *criminal jurisdiction*. As a result, we find the *Bracker* balancing test inapplicable to this issue.

■■■ The prevailing rule has always been that federal courts have exclusive jurisdiction over an offense committed in Indian country by a non-Indian against the person or property of an Indian.[1] The seminal statement of this rule comes from *Williams v. United States*, 327 U.S. 711, 714, 66 S.Ct. 778, 780, 90 L.Ed. 962, 964 (1946), where the United States Supreme Court stated:

> While the laws and courts of the State of Arizona may have jurisdiction over offenses committed on this reservation between persons who are not Indians, the laws and courts of the United States, rather than those of Arizona, have jurisdiction over offenses committed there, as in this case, by one who is not an Indian against one who is an Indian.

(Footnotes omitted). Although the statement may be dicta, we find it persuasive, especially since that Court reaffirmed the position in its decision in *Washington v. Confederated Bands and Tribes of the Yakima Indian Nation*, 439 U.S. 463, 99 S.Ct. 740, 58 L.Ed.2d 740 (1979). In *Yakima*, the Court explained: "[C]riminal offenses by or against Indians have been subject only to federal or tribal laws, except where Congress in the exercise of its plenary and exclusive power over Indian affairs has 'expressly provided that State laws shall apply.'" *Id.*, 439 U.S. at 470–71, 99 S.Ct. at 746, 58 L.Ed.2d at 750 (quoting *McClanahan v. State Tax Commission of Arizona*, 411 U.S. 164, 171, 93 S.Ct. 1257, 1261, 36 L.Ed.2d 129, 135 (1973)) (citation omitted).

Courts in other jurisdictions have faced the identical issue presented in this case and all have reached the same conclusion:

---

**1.** The federal government may prosecute a non-Indian for assaulting an Indian in Indian country by virtue of 18 U.S.C. § 1152 (1988) and 18 U.S.C. § 113 (1988). 18 U.S.C. § 1152 provides, in part, that:

> [T]he general laws of the United States as to the punishment of offenses committed in any

place within the sole and exclusive jurisdiction of the United States ... shall extend to the Indian Country.

18 U.S.C. § 113(e) provides for the punishment of simple assault.

the state does not have jurisdiction. In *State v. Flint*, 157 Ariz. 227, 227, 756 P.2d 324, 324 (Ct.App.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3228, 106 L.Ed.2d 577 (1989), the Arizona Court of Appeals faced the question:

> [W]hether the trial court erred by dismissing the action on the grounds that the state court has no criminal jurisdiction where a non-Indian allegedly commits a crime against an Indian on the reservation.

As here, the state in that case argued that it had concurrent jurisdiction with federal courts. The Arizona court rejected the state's argument and concluded that the state had no jurisdiction in the matter because the federal jurisdiction was exclusive. *Id.* The Montana Supreme Court likewise rejected the claim that a state has concurrent jurisdiction with the federal government over crimes on a reservation committed by non-Indians against Indians. In *State v. Greenwalt*, 204 Mont. 196, 663 P.2d 1178 (1983), the court concluded that the great weight of authority supports the proposition that the state lacks authority to prosecute non-Indians for crimes committed on a reservation against Indians.[2] This rule was recognized by the North Dakota Supreme Court as far back as 1954 in *State v. Kuntz*, 66 N.W.2d 531 (N.D.1954).

The federal courts have also recognized the rule of exclusive federal jurisdiction. *See, e.g., St. Cloud v. United States*, 702 F.Supp. 1456, 1458 (D.S.D.1988). In addition, various scholarly works recognize that a state does not have jurisdiction in these situations. *See, e.g.,* D. Getches & C. Wilkinson, *Federal Indian Law* 414 (2d ed. 1986) (state courts cannot have jurisdiction of crimes by non-Indians against an Indian); Clinton, *Criminal Jurisdiction over Indian Lands: A Journey Through a Jurisdictional Maze*, 18 Ariz.L.Rev. 503, 523

n. 94 (1976) (the prevailing rule is that the federal jurisdiction is exclusive).

The State attempts to support its case for jurisdiction in this matter by arguing that federal prosecution of crimes such as this is almost nonexistent, and Indians in Indian country will be without court protection if the State does not take jurisdiction.[3] However, this is not a case of denying Indians court protection, but rather is a case of determining which court is responsible for providing that protection. If federal prosecution is lacking, the answer is for federal prosecutors to fulfill their responsibility, not for the State to usurp jurisdiction over these cases.

All the Justices concur.

---

**2.** Since rendering its decision in *Greenwalt, supra,* the Montana Supreme Court has handed down three decisions upholding the state's authority to prosecute a non-Indian for a crime committed in Indian country. However, none overruled *Greenwalt,* and all three are distinguishable from the present situation. *State v. Schaeffer,* —— Mont. ——, 781 P.2d 264 (1989), involved enforcement of state pawnbroker regu-

lations. *Brown v. District Court of the Seventeenth Judicial Dist.,* —— Mont. ——, 777 P.2d 877 (1989), involved the enforcement of Congressionally authorized state liquor regulations. *State v. Thomas,* 233 Mont. 451, 760 P.2d 96 (1988), involved a victimless crime.

**3.** The same argument was rejected in *Greenwalt, supra.*