807 P.2d 55

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Alan C. SNYDER, Defendant–Appellant.**

No. 18441.

Supreme Court of Idaho,
Moscow October 1990 Term.

March 5, 1991.

Aherin & Rice, P.A., Lewiston, for defendant-appellant. Anthony C. Anegon argued.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman argued.

BOYLE, Justice.

In this criminal case involving a charge of driving under the influence, we are called upon to determine whether the State of Idaho has jurisdiction to prosecute a non-Indian for operating a motor vehicle under the influence of alcohol within the boundary of an Indian reservation.

Appellant Alan Snyder was arrested and charged with driving under the influence within the boundaries of the Nez Perce Indian Reservation on a road that is not maintained by the county, state or a political subdivision of the State of Idaho.

Snyder, a non-Indian, argues that the State of Idaho does not have jurisdiction to prosecute him because his conduct was a crime against the general Indian populace of the reservation and as such only the federal government has jurisdiction. Secondly, Snyder cites I.C. § 67–5101, and argues that although the State has assumed jurisdiction over motor vehicles operated on roads within Indian reservations that are maintained by the State of Idaho or a political subdivision, it does not have jurisdiction over motor vehicles operated on roads that it does not maintain.

## I. STATEMENT OF FACTS/COURSE OF PROCEEDINGS

The factual background of this action was stipulated by the parties. On April 16, 1989, Snyder was driving his motor vehicle in the Whitebird Housing Area which is within the Nez Perce Indian Reservation near Lapwai, Idaho. The road upon which Snyder was driving is not maintained by the State, county or a political subdivision of the State of Idaho.

Snyder was initially stopped by a law enforcement officer employed by the Bureau of Indian Affairs on a possible war-

rant service. Shortly thereafter, an Idaho State Police patrolman arrived at the scene and requested that Snyder perform several standard field sobriety tests. Snyder was arrested and charged for driving under the influence in violation of I.C. § 18–8004.

Snyder filed a motion to dismiss the charge on the grounds that the State of Idaho did not have jurisdiction to arrest and charge him with driving under the influence on a road within the reservation that is not maintained by the State. The magistrate court denied the motion and Snyder entered a conditional plea of guilty pursuant to I.C.R. 11(a)(2). On appeal the district court affirmed the magistrate's decision and this appeal followed.

## II. THE STATE OF IDAHO HAS JURISDICTION

*DUI Not a Crime Against an Indian or the Indian Populace*

■ Snyder argues that his crime of driving under the influence on an Indian reservation is a crime against the Indian populace and as such the State of Idaho does not have jurisdiction. We disagree and hold that a non-Indian driving under the influence of alcohol on a road within the boundaries of a reservation is not a crime against an Indian or the general Indian populace, and is subject to the jurisdiction of the State of Idaho.

In *United States v. McBratney*, 104 U.S. 621, 26 L.Ed. 869 (1882), the United States Supreme Court held that because the federal government did not specifically reserve the authority to punish an offense committed by a non-Indian against a non-Indian in Indian Country, the state of Colorado had exclusive criminal jurisdiction. This rule, now commonly referred to as the "McBratney Rule," provides that a state has jurisdiction over a crime committed in Indian Country by a non-Indian against a non-Indian for a crime which does not affect Indians, and has been repeatedly applied and affirmed. *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978); *New York ex rel. Ray v. Martin*, 326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261 (1946); *State v. Burrola*, 137 Ariz. 181, 669

P.2d 614 (Ct.App.1983); *Ryder v. State*, 98 N.M. 316, 648 P.2d 774 (1982); *Goforth v. State*, 644 P.2d 114 (Okla.1982); *Vialpando v. State*, 640 P.2d 77 (Wyo.1982); *United States v. Cleveland*, 503 F.2d 1067 (9th Cir.1975); *State v. Griswold*, 101 Ariz. 577, 422 P.2d 693 (1967); *State v. Roedl*, 107 Utah 538, 155 P.2d 741 (1945).

In *Duro v. Reina*, 495 U.S. ——, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990), the United States Supreme Court recently cited *United States v. McBratney* and noted:

> For Indian country crimes involving only non-Indians, longstanding precedents of this Court hold that state courts have exclusive jurisdiction despite the terms of [18 U.S.C.] § 1152. See *New York ex rel. Ray v. Martin*, 326 U.S. 496, 90 L.Ed. 261, 66 S.Ct. 307 (1946); *United States v. McBratney*, 104 U.S. 621, 26 L.Ed 869 (1882).

*Id.* —— U.S. at ——, 110 S.Ct. at 2057, 109 L.Ed.2d at 701.

In *United States v. Antelope*, 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977), the "McBratney Rule" was further explained as follows:

> Not all crimes committed within Indian country are subject to federal or tribal jurisdiction, however. Under *United States v. McBratney*, 104 U.S. 621, 26 L.Ed. 869 (1882), a non-Indian charged with committing crimes against other non-Indians in Indian country is subject to prosecution under state law.

*Id.* at 430 U.S. 642 n. 2, 97 S.Ct. 1397 n. 2.

In *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978), the United States Supreme Court further clarified this jurisdictional issue when it held that Indian tribes do not have inherent jurisdiction to try and to punish non-Indians for crimes committed in Indian country.

Although the United States Supreme Court has not ruled on the precise issue presented in the instant case concerning a state's jurisdiction to prosecute a non-Indian for drunken driving while on a reservation, it has been addressed by several state appellate courts. In *State v. Warner*, 71

N.M. 418, 379 P.2d 66 (1963), the New Mexico Supreme Court was presented with the issue of whether the state had jurisdiction to try a non-Indian for driving while under the influence within the boundaries of the Navajo Indian Reservation. After the trial court dismissed the complaint for lack of jurisdiction, the state appealed. In reversing the trial court the New Mexico Supreme Court stated, "we conclude that the New Mexico State Courts have jurisdiction over criminal offenses committed on an Indian reservation within this state, by non-Indians, which are not against an Indian nor involving Indian property." 379 P.2d at 68–69. Similar reasoning was applied by the Nevada Supreme Court in *State v. Jones*, 92 Nev. 116, 546 P.2d 235 (1976), which reversed the district court's dismissal of charges against a non-Indian for possession of marijuana on an Indian reservation.

In *State v. Herber*, 123 Ariz. 214, 598 P.2d 1033 (1979), the conviction of a non-Indian for possession of marijuana on an Indian reservation was upheld. In holding that the defendant was legally arrested by state officials while he was on the Indian reservation, the Arizona Court of Appeals stated:

> Jurisdiction of Arizona to prosecute and punish non-Indians for crimes against non-Indians committed on an Indian reservation is beyond dispute. *United States v. McBratney*, 104 U.S. 621, 26 L.Ed. 869 (1881); *State v. Griswold*, 101 Ariz. 577, 422 P.2d 693 (1967); and *see United States v. Wheeler*, 435 U.S. 313, 324 n. 21, 98 S.Ct. 1079, 1087 n. 21, 55 L.Ed.2d 303, 313 n. 21 (1978). Conversely, Indian tribal courts lack criminal jurisdiction over non-Indians. *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978). In the absence of any potential conflict of jurisdiction, we see no reason to extend the rule of *Francisco* [that the arrest of an Indian on an Indian reservation by state law enforcement officials was illegal] to preclude the arrest of a non-Indian by state law enforcement officers

who have pursued him onto an Indian reservation.

*Id.* at 598 P.2d 1035.

In *State v. Thomas*, 233 Mont. 451, 760 P.2d 96 (1988), the Montana Supreme Court was presented with the issue of whether the state had jurisdiction to prosecute a non-Indian for failure to report a traffic accident occurring on an Indian reservation. The Montana Supreme Court stated:

> The difficulty here is in classifying an offense under § 61–7–108, MCA, [failing to immediately notify authorities of an accident involving injury, death, or property damage in excess of $250] as one by a non-Indian against an Indian or an Indian's property. The State argues that the offense constitutes a victimless crime because it makes the perpetrator culpable irrespective of injury to person or property.

*Id.* at 760 P.2d 97.

In holding that the state had jurisdiction to prosecute a non-Indian, the Montana Supreme Court explained:

> Other courts facing inquiries concerning "victimless" crimes, such as DUI or possession of marijuana, have analyzed the issue in a similar manner. *See State v. Warner*, (1963), 71 N.M. 418, 379 P.2d 66; *State v. Herber*, (App.1979), 123 Ariz. 214, 598 P.2d 1033. And one authority has explained that:
>
> > "Under the logic of *United States v. McBratney* and *Draper v. United States*, victimless crimes by non-Indians appear to be subject to state jurisdiction. Those cases held that jurisdiction over crimes by non-Indians against non-Indians in Indian country rests with the state. However, their reasoning and their holdings appear broad enough to encompass non-Indian victimless offenses as well. *McBratney* concluded that the state maintained jurisdiction over all white persons on the Ute reservation and *Draper* held that the state had not been deprived of the power to punish crimes committed on a reservation "by other than Indians or against Indians." In practice, victimless offenses by non-In-

dians have been treated in a number of cases as subject to state jurisdiction under *McBratney* and *Draper*, on the theory that neither Indians nor their property are affected."

M.B. West, *Manual of Indian Criminal Jurisdiction* 99 (1977 & Supp.1982).

*Id.* at 760 P.2d 98.

In *State v. Thomas*, the Montana Supreme Court acknowledged that federal, tribal, and state interests regarding jurisdiction for acts committed within the boundaries of an Indian reservation should be examined and considered, but held that the state's interest in traffic safety was the more compelling policy.

In determining jurisdiction for victimless crimes, we agree that federal, tribal, and state interests should be examined. *Burrola*, 669 P.2d at 615. We hold here that the federal and tribal interests in providing a federal forum fail to outweigh the State's strong interest in traffic safety. Our reasoning is based on the fact that the policy of providing a federal forum where criminal prosecutions pit the interests of non-Indian offenders against Indian victims is not furthered where, as here, the connection to destruction of Indian property is only tangential to the crime charged. Under these circumstances, the State's interests in highway safety control the issue.

*Id.* at 760 P.2d 98.

While it is not necessary that we determine whether driving under the influence is a "victimless" crime, we expressly hold that a non-Indian driving under the influence on a road within the boundaries of a reservation is not a crime against an Indian or the general Indian populace. As such, the State of Idaho has jurisdiction to prosecute Snyder.

■ It is settled beyond dispute that the state of Idaho has jurisdiction over certain acts, including the operation of motor vehicles, occurring on an Indian reservation. *State v. McCormack*, 117 Idaho 1009, 793 P.2d 682 (1990); *State v. Michael*, 111 Idaho 930, 729 P.2d 405 (1986). Accordingly, we hold that the State's interests in maintaining traffic safety and protecting the traveling public, Indian and non-Indian alike, controls the issue regardless of whether the motor vehicle is being operated on a road maintained by the State or a political subdivision.

Accordingly, we affirm the order denying Snyder's motion to dismiss and affirm the judgment of conviction entered pursuant to the conditional plea of guilty.

BAKES, C.J., and McDEVITT, J., concur.

BISTLINE, Justice, concurring in the result.

The majority opinion holds that Idaho state courts have jurisdiction over the crime of a non-Indian driving under the influence of alcohol or drugs, I.C. § 18–8004 (1987), within the boundaries of an Indian reservation on a road not maintained by the state. The majority finds two alternative bases for this jurisdiction: an extension of *United States v. McBratney*, 104 U.S. 621, 26 L.Ed. 869 (1882), and a judicial expansion of I.C. § 67–5101 (1989). While *McBratney* is a proper basis for state jurisdiction, I.C. § 67–5101 is not.

## I. *UNITED STATES V. MCBRATNEY* JURISDICTION

When determining issues of jurisdiction in Indian country one must begin with 18 U.S.C. § 1152 (1984):

Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

The federal government's jurisdiction over Indian country derives from its constitutional treaty-making and commerce powers, and from the judicially created theory of the federal government as trustee of the Indian people and Indian lands. Clinton, *Criminal Jurisdiction Over Indian Lands: A Journey Through a Jurisdictional Maze*, 18 Ariz.L.Rev. 503, 504 (1976).

An exception to the federal jurisdiction defined by 18 U.S.C.A. § 1152 was carved out in *United States v. McBratney*, 104 U.S. 621, 26 L.Ed. 869 (1882), which held that states have jurisdiction over crimes committed by non-Indians against non-Indians in Indian country. In creating this exception

> [t]he Court paid scant attention to the language of section 1152, relying instead on the inherent jurisdiction exercised by the states over Indian lands within their borders as a consequence of their admission to the Union without an express disclaimer of jurisdiction. Although this logic would apply equally well to interracial or even intra-Indian crimes committed on Indian lands, the Supreme Court has applied the *McBratney* analysis only to crimes committed on Indian lands between non-Indians. Indeed, dicta in later cases suggest that the non-ward status of the accused and victim divests the federal government of any interest in prosecution despite the occurrence of the crime in Indian country. Accordingly, *McBratney* and its progeny are expressly limited in application to crimes between non-Indians on Indian lands.

Clinton, 18 Ariz.L.Rev. at 525 (footnotes omitted).

Whether states have jurisdiction over "victimless" crimes committed by a non-Indian in Indian country has yet to be addressed by the United States Supreme Court. Several state courts, to which the majority has cited in today's opinion, have decided that states do have jurisdiction over these crimes. Of these, only *State v. Thomas*, 233 Mont. 451, 760 P.2d 96 (1988), has offered a rationale for making the jurisdictional leap from non-Indian against non-Indian crimes to victimless crimes committed by a non-Indian: "In practice, vic-timless offenses by non-Indians have been treated in a number of cases as subject to state jurisdiction under *McBratney* and *Draper [v. United States*, 164 U.S. 240, 17 S.Ct. 107, 41 L.Ed. 419 (1896) ], on the theory that neither Indians nor their property are affected." 760 P.2d at 98 (quoting M.B. West, *Manual of Indian Criminal Jurisdiction* 99 (1977 & Supp.1982)).

The key to the *McBratney* exception to federal jurisdiction in Indian country, and the key to resolving the issue of extending *McBratney* to victimless crimes by non-Indians, is whether the principle of federal protection of Indians and tribal interests is violated by replacing federal with state jurisdiction. Thus in the present case, the pivotal question is whether allowing the state of Idaho to exercise jurisdiction over a DUI offense by a non-Indian on an Indian reservation will affect Indians, Indian property, or tribal interests.

The defendant asserts that the DUI offense on the Nez Perce Indian Reservation is a crime against the general Indian populace. The purpose of the DUI statute is to protect bystanders and other drivers, as well as the intoxicated driver himself, from the intoxicated driver. The people who are primarily affected by a person driving under the influence on the reservation are the Indians who live on the reservation. In some sense then, this offense must be considered a crime by a non-Indian against Indians.

The primary rationale for federal jurisdiction over interracial crimes in Indian country is that a local state court or jury might be prejudiced in favor of the non-Indian defendant or victim and prejudiced against the Indian defendant or victim. While this danger of prejudice is clear in a murder trial, for example, it is not so evident in a prosecution for driving under the influence. In the case of a DUI prosecution, it can be reasonably assumed that the state court or jury will approach a DUI offense committed on a reservation with the same seriousness and concern with which they would approach a DUI offense committed off a reservation. Therefore, in

the narrow instance of a non-Indian driving under the influence in Indian country, state court jurisdiction is not improper and can be taken through a limited extension of the *McBratney* holding.

## II.  I.C. § 67–5101 JURISDICTION

In the concluding paragraph of its opinion the majority asserts that the state has jurisdiction over the operation of motor vehicles in Indian country on roads not maintained by the state.  A quick reading of I.C. § 67–5101 shows that this is incorrect:

**67–5101.  State jurisdiction for civil and criminal enforcement concerning certain matters arising in Indian Country.**—The state of Idaho, in accordance with the provisions of 67 Statutes at Large, page 589 (Public Law 280) hereby assumes and accepts jurisdiction for the civil and criminal enforcement of state laws and regulations concerning the following matters and purposes arising in Indian country located within this state, as Indian country is defined by title 18, United States Code 1151, and obligates and binds this state to the assumption thereof:

    A.  Compulsory school attendance

    B.  Juvenile delinquency and youth rehabilitation

    C.  Dependent, neglected and abused children

    D.  Insanities and mental illness

    E.  Public assistance

    F.  Domestic relations

    G.  Operation and management of motor vehicles upon highways and roads *maintained by the county or state, or political subdivisions thereof.*

(Emphasis added).  Idaho's jurisdiction over the operation of motor vehicles on roads in Indian county is expressly limited to those roads maintained by the state.

In 1953, Congress enacted Public Law 280, 18 U.S.C. § 1162 (1984), which empowered states to assume jurisdiction over Indian affairs by affirmative legislative action.  Pursuant to P.L. 280, Idaho assumed jurisdiction over Indian affairs in certain substantive areas by the enactment of I.C. § 67–5101.  In 1968, Congress passed the Indian Civil Rights Act, 25 U.S.C. § 1321(a) (1983), which amended P.L. 280 to require formal tribal consent to the assumption of any additional state jurisdiction over Indians.  In addition to the federal statute which requires tribal consent to additional state jurisdiction, Idaho itself has a statute which requires tribal consent for the assumption of additional state jurisdiction. I.C. § 67–5102 (1989).

Despite all of this, the majority opinion states that:

> It is settled beyond dispute that the state of Idaho has jurisdiction over certain acts, including the operation of motor vehicles, occurring on an Indian reservation.  *State v. McCormack,* 117 Idaho 1009, 793 P.2d 682 (1990); *State v. Michael,* 111 Idaho 930, 729 P.2d 405 (1986).  Accordingly, we hold that the State's interests in maintaining traffic safety and protecting the travelling public, Indian and non-Indian alike, controls the issue *regardless of whether the motor vehicle is being operated on a road maintained by the State or a political subdivision.*

Op. at 379, 807 P.2d at 58 (emphasis added). While the state does have jurisdiction over the operation of motor vehicles in Indian country on roads maintained by the state, it does not have jurisdiction over roads not maintained by the state.  Neither *McCormack* nor *Michael* purport to expand jurisdiction over roads not maintained by the state.  Such expansion of state jurisdiction contravenes the tribal consent requirements of the Indian Civil Rights Act and I.C. § 67–5102, and impermissibly erodes tribal sovereignty.  The state legislature cannot expand state jurisdiction over Indian affairs without tribal consent—and this Court most certainly cannot do so on its own and without tribal consent, even if it believes that the state has an overriding interest in protecting the travelling public.

JOHNSON, Justice, concurring specially.

I concur in all of the Court's opinion, except that portion which states that the state of Idaho has jurisdiction over the operation of a motor vehicle on an Indian reservation, regardless of whether the ve-

hicle is being operated on a road maintained by the state or a political subdivision. This statement is unnecessary to the decision of the Court and is, therefore, dictum.

In my view, it is a sufficient premise for our decision to hold that a non-Indian driving under the influence on a reservation has not committed a crime against an Indian or the general Indian populace.