## 42322. DOBBINS v. THE STATE.

DEEN, Judge. By *Code Ann.* § 15-302 the State of Georgia ceded jurisdiction to lands acquired by the United States "for all purposes except service upon such lands of all civil and criminal process of the courts of this State. . . The State retains its civil and criminal jurisdiction over persons and citizens in said ceded territory . . . except as to any ceded territory owned by the United States and used by the Department of Defense. . ." However, Congress, in providing for the acquisition of lands in the various states, stipulated by statute (40 U.S.C. § 255 and 50 U.S.C. § 178) as follows: "Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted," and that the manner of indicating acceptance of such jurisdiction on behalf of the United States shall be by filing a notice with the Governor of the State in which the land is situated.

No such acceptance of exclusive criminal jurisdiction over the land known as Dobbins Air Force Base in Cobb County has been made by the United States. Following the well considered opinion in People v. Sullivan, 151 Col. 434 (378 P2d 633), which involves the identical point, we hold that, construing these two statutes in pari materia, the state statute amounts to an offer to cede criminal jurisdiction to the United States,

which, to become effective, must be accepted in the proper manner by the latter entity, and that the burden of showing such acceptance rests with the defendant in a criminal case who contends that the state court is without jurisdiction to try him for an offense against state laws allegedly committed within the confines of the military installation. See also 22 CJS 371, Criminal Law, § 139; 21 AmJur2d 408, Criminal Law, § 389. Indubitably, the United States has not accepted such jurisdiction as to Dobbins Air Force Base, and accordingly the Civil and Criminal Court of Cobb County had jurisdiction to try and convict the defendant of the offense of operating a motor vehicle while under the influence of intoxicants within the area.

Judgment affirmed. Nichols, P. J., and Hall, J., concur.
ARGUED SEPTEMBER 12, 1966—DECIDED SEPTEMBER 29, 1966.

Atkins & Atkins, Dorothy D. Atkins, for appellant.
Lawrence B. Custer, Solicitor, D. R. McDonald, for appellee.