PER CURIAM.
The factual allegations supporting the claim of ineffective counsel lack the specificity required to establish grounds for relief. See Meeks v. State, 382 So.2d 673 (Fla.1980); Potts v. State, 242 So.2d 729 (Fla. 2d DCA 1971); Fla.R.Crim.P. 3.850. As to the second ground, challenging the state court’s jurisdiction to try appellant, the facts as stated are insufficient to overcome the conclusive presumption of state court jurisdiction. 40 U.S.C. § 255; People v. Sullivan, 151 Colo. 434, 378 P.2d 633 (1963); Dobbins v. State, 114 Ga.App. 403, 151 S.E.2d 549 (1966); Kansas City v. Garner, 430 S.W.2d 630 (Kan.App.1968); State v. Dykes, 114 Ariz. 592, 562 P.2d 1090 (App.1977); United States v. Pate, 393 F.2d 44 (7th Cir. 1968), cert. denied, 393 U.S. 890, 89 S.Ct. 209, 21 L.Ed.2d 160 (1968).
AFFIRMED.
McCORD, ROBERT P. SMITH, Jr., and WENTWORTH, JJ., concur.