22825

The STATE, Respondent v. Herbert Lee PARKER, Appellant.

(366 S. E. (2d) 10)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey*, of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Amie L. Clifford*, Columbia, and *Solicitor Charles M. Condon*, Charleston, *for respondent.*

Heard Nov. 2, 1987.

Decided Jan. 25, 1988.

NESS, Chief Justice:

Appellant, Herbert Lee Parker, was convicted of murder and armed robbery, and sentenced to life imprisonment and ten (10) years respectively. We affirm.

Appellant first argues the trial judge erred in refusing to allow him to introduce evidence that the crimes were committed by another. We disagree.

The victim was found about 5:00 a.m. on Saturday, November 23, 1985, tied to a fence with his necktie on or adjacent to the property of the Federal Building in Charleston. Rodney Fyall called to report the murder.

Several days later, Rodney Pinckney reported to police he had seen a while male against the fence, bleeding at about 4:15-4:25 a.m. A black male was also there and Pinckney gave a detailed description of him. Pinckney stated he left his car and approached the two men and asked the black male if he knew where a party was and if he had any marijuana. Receiving a negative reply, Pinckney returned to his car and drove away.

After being fully advised of his Miranda rights, appellant verbally confessed, and after his confession was reduced to writing it was read back to appellant. He signed each of the

last three pages twice, once to acknowledge his receipt of a copy of the statement and the other to acknowledge both the free and voluntary nature of the statement and its truthfulness.

At trial appellant sought to prove Rodney Fyall, who found the victim and reported the incident to the police, was the guilty party.

After permitting a proffer of testimony the trial judge refused to allow appellant access to Fyall's psychiatric records; and ruled he would not be permitted to question Fyall in regard to his boxer training, any aggressive or violent behavior traits or whether he was questioned on the morning of the murder by an occupant of a car.

We held in *State v. Gregory*, 198 S. C. 98, 16 S. E. (2d) 532, 534-35 (1941):

> At any rate the evidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible.
>
> * * *
>
> Remote acts, disconnected and outside the crime itself, cannot be separately proved for such a purpose. An orderly and unbiased judicial inquiry as to the guilt or innocence of a defendant on trial does not contemplate that such defendant be permitted by way of defense, to indulge in the conjectural inferences that some other person might have committed the offense for which he is on trial, or by fanciful analogy to say to the jury that someone other than he is more probably guilty.

Here, the evidence proffered by appellant was not inconsistent with his guilt. The trial judge exercised sound discretion in excluding it. *State v. Tyner*, 273 S. C. 646, 258 S. E. (2d) 559 (1979); *State v. Groome*, 274 S. C. 189, 262 S. E. (2d) 31 (1980); *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981). Additionally the trial judge properly

refused the disclosure of Fyall's psychiatric records from the South Carolina Department of Mental Health (DMH). S. C. Code Ann. Section 44-23-1090 (Cum. Supp. 1986) provides the records of the DMH shall be kept confidential and shall not be disclosed to any person unless one (1) of the six (6) exceptions are met.[1]

None of the six (6) exceptions is present here.

Appellant also asserts the trial court erred in holding ■ ■ the State had jurisdiction over the case because the crimes occurred on federal property. We disagree.

While there was evidence the Federal Building and the fence were on federal property, the evidence established the body was not. It was on the sidewalk on the State's side of the boundary line. However, even assuming the body was on federal property, the trial court ruled properly. There was no evidence the United States had accepted, in the proper manner, exclusive jurisdiction over the property in question. See S. C. Code Ann. Section 3-1-10, 3-1-20 (Cum. Supp. 1986); *State v. Rodriguez*, 279 S. C. 106, 302 S. E. (2d) 666 (1983). The record here is devoid of any evidence the United States had accepted jurisdiction. The state of South Carolina had jurisdiction unless a notice of acceptance had been filed. While the burden of proving jurisdiction rests on the State, it does not require the State to prove the nonoccurrence of events which might deprive it of jurisdiction. *State v. Rodriquez, supra;* see also, *Dobbins v. State*, 114 Ga. App. 403, 151 S. E. (2d) 549 (1966).

---

[1] (1) The individual identified or his legal guardian, if any, or, if he is a minor, his parent or legal guardian, shall consent;

(2) Disclosure may be necessary to carry out any of the provisions of this chapter, Chapter 9, Chapter 11, Chapter 13, Article 1 of Chapter 15, Chapter 17 of Chapter 27;

(3) A court may direct, upon its determination that disclosure is necessary for the conduct of proceedings before it and that failure to make disclosure would be contrary to the public interest;

(4) Disclosure is necessary in cooperating with State and Federal agencies or subdivisions thereof in furthering the welfare of the patient of his family;

(5) Disclosure is necessary in cooperating with law-enforcement agencies; or

(6) Public safety is involved; provided, when disclosure is so authorized, it may be made to such person as the Commissioner of Mental Health may in his discretion determine.

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme court Rule 23. *State v. Goolsby,* 275 S. C. 110, 268 S. E. (2d) 31 (1980), cert. den. 449 U. S. 1037, 101 S. Ct. 616, 66 L. Ed. (2d) 500; *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964); *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966); *State v. Beachum,* 288 S. C. 325, 342 S. E. (2d) 597 (1986); *State v. Vanderbilt,* 287 S. C. 597, 340 S. E. (2d) 543 (1986); *State v. Owens,* 291 S. C. 116, 352 S. E. (2d) 474 (1987); *State v. Cunningham,* 253 S. C. 388, 171 S. E. (2d) 159 (1969); *State v. Fennell,* 263 S. C. 216, 209 S. E. (2d) 433 (1974); *State v. Suttles,* 279 S. C. 87, 302 S. E. (2d) 338 (1983); *State v. Myers,* 220 S. C. 309, 67 S. E. (2d) 506 (1951).

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.