901 P.2d 1165

STATE of Arizona, Respondent,

v.

Jason Alexander VERDUGO, Petitioner.

No. 1 CA–CR 94–0417–PR.

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 17, 1995.

Review Denied Sept. 12, 1995.

136

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Richard M. Romley, Maricopa County Atty. by Diane E.W. Gunnels, Deputy County Atty., Phoenix, for respondent.

C. Kenneth Ray II, Phoenix, for petitioner.

## OPINION

JACOBSON, Judge.

Petitioner Jason Alexander Verdugo (defendant) petitions for review of the trial court's summary dismissal of his petition for post-conviction relief. The only issue preserved for our review[1] is whether defendant has presented a colorable claim that the trial court lacked subject matter jurisdiction, in the absence of the state's production of evidence that both defendant and the victim were non-Indians. The underlying conviction arose from the acceptance of defendant's guilty plea and the entry of a conviction for second degree murder that occurred on the Salt River Indian Reservation. Because we conclude that the state did not have the burden to prove that defendant and his victim were non-Indians in order to establish subject matter jurisdiction, we hold that defendant has failed to state a colorable claim, and we deny relief.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged by indictment with second degree murder, a class 1 felony, leaving the scene of a fatal accident, a class 6 felony, and theft, a class 3 felony. The state

alleged the dangerous nature of the murder charge, and that defendant had prior felony convictions pursuant to *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980). These charges arose out of a hit-and-run incident that occurred on September 15, 1992, at the intersection of Pima Road and Chaparral Road in Maricopa County, a location within the Salt River Indian Community.

Pursuant to his plea agreement with the state, defendant pleaded guilty to second degree murder, a class 1 nondangerous, nonrepetitive felony, and the state agreed to dismissal of the remaining counts in this and two other causes as well as the enhancement allegations. Defendant was sentenced to 18.5 years imprisonment, and was ordered to pay restitution. He filed a petition for post-conviction relief in the trial court, requesting, in part, that an evidentiary hearing be set to determine the subject matter jurisdiction of the court, because the state had failed to meet its burden to prove at the change of plea hearing that both defendant and his victim were non-Indians, thereby establishing subject matter jurisdiction in the state court. However, defendant did not affirmatively assert, or offer any evidence, that either he or the victim was a member of the Salt River Indian Community. In summarily dismissing defendant's petition, the trial court ruled as follows:

> Defendant claims the court did not have jurisdiction over the defendant because the crime occurred on the Indian Reservation. The defendant has not asserted he is an Indian. The victim was not an Indian. The law is well settled that when a crime is committed by a non-Indian against a non-Indian on an Indian reservation, the state courts have exclusive jurisdiction. *Duro v. Reina*, 495 U.S. 676, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990); *State v. Moore*, 173 Ariz. 236, 841 P.2d 231 (App.1992); *State v. Griswold*, 101 Ariz. 577, 422 P.2d 693 (1967). This court had and exercised proper jurisdiction over the defendant.

---

1. Defendant's petition for post-conviction relief also raised the issue whether the presence of accomplices was a proper aggravating factor in this case. The trial court also summarily denied

this claim, but defendant has not preserved this issue in his petition for review, so we do not address it. *See generally* Rule 32.9(c)(1), Arizona Rules of Criminal Procedure.

Defendant timely petitioned this court for review of this ruling, arguing that the burden of proof is on the state to establish the status of defendant and the victim as non-Indians, as a necessary element that must be proven to establish the jurisdiction of the Maricopa County Superior Court over prosecution of this crime.

## DISCUSSION

Defendant does not challenge the well-established rule that, in Arizona, the state court has jurisdiction to prosecute a non-Indian for a crime against a non-Indian victim committed on an Indian reservation. *See Williams v. United States,* 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946) (state court has jurisdiction over criminal offense committed on Indian reservation involving persons who are not Indians); *State v. Herber,* 123 Ariz. 214, 598 P.2d 1033 (App.1979) (same). Nor does the state challenge the corollaries of that rule that, if a crime that occurs on an Indian reservation involves a member of the tribe as either a defendant or victim, the federal or tribal courts have exclusive subject matter jurisdiction over the criminal prosecution. *See Duro v. Reina,* 495 U.S. 676, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990); *State v. Flint,* 157 Ariz. 227, 756 P.2d 324 (App.1988), *cert. denied,* 492 U.S. 911, 109 S.Ct. 3228, 106 L.Ed.2d 577 (1989); *see generally* 18 U.S.C. §§ 1152, 1153 (The Indian Country Crimes Act); Robert N. Clinton, *Criminal Jurisdiction Over Indian Lands: A Journey Through a Jurisdictional Maze,* 18 Ariz. L.Rev. 503 (1976).

The controversy centers on defendant's contention that the state bears the burden of proof to establish jurisdiction, just as it must prove every element of the offense beyond a reasonable doubt, and that in this case it failed to do so because it presented no evidence at his change of plea hearing, as part of the factual basis, that both he and the victim were non-Indians. In our opinion, defendant's contention is not well taken.

█ In Arizona, the general rule is that the state has subject matter jurisdiction to prosecute crimes committed within its territorial borders. *State v. Vaughn,* 163 Ariz. 200, 202-03, 786 P.2d 1051, 1053-54 (App.

1989). The territorial applicability of our criminal statutes is set forth in A.R.S. § 13-108, which provides in part:

A. This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which such person is legally accountable if:

1. Conduct constituting any element of the offense or a result of such conduct occurs within this state....

B. When the offense involves a homicide, either the death of the victim or the bodily impact causing death constitutes a result within the meaning of Subsection A, paragraph 1. If the body of a homicide victim is found in this state it is presumed that the result occurred in this state.

*See also* A.R.S. § 13-109(A) ("[c]riminal prosecutions shall be tried in the county in which conduct constituting any element of the offense or a result of such conduct occurred, unless otherwise provided by law"); *State v. Manypenny,* 445 F.Supp. 1123, 1125-26 (D.Ariz.1977), *appeal dismissed,* 608 F.2d 1197 (9th Cir.1979), *reversed on other grounds,* 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981) (Arizona did not create exception to general rule of state court jurisdiction over non-Indian crimes on Indian land by disclaiming right to Indian land under "the absolute jurisdiction" of Congress by the Arizona Enabling Act, 36 Stat. 557, 1 A.R.S. at 81).

█ As an exception to that general rule, however, the Indian Country Crimes Act preempts state court jurisdiction over a criminal prosecution when a criminal offense involving an Indian occurs on Indian land. 18 U.S.C. §§ 1152, 1153 (1988). If defendant or the victim is an Indian and the crime was committed within Indian country, as defined by federal statute, then the state superior court has no subject matter jurisdiction to try defendant for the offense. *Id.* The federal statute is silent, however, on the issue of who bears the burden of proof to establish these jurisdictional facts.

Arizona courts have not squarely addressed this issue; however, in similar situations, we have held that a defendant bears the burden of proving lack of state court

jurisdiction over a crime that occurs within the state. *See Vaughn*, 163 Ariz. at 203, 786 P.2d at 1054 (burden to prove exclusive jurisdiction of the federal courts over a crime that occurred on a military reservation is on defendant); *State v. Dykes*, 114 Ariz. 592, 598, 562 P.2d 1090, 1096 (App.1977) (burden to show exclusive federal jurisdiction of a federal agency over the offense is on defendant).

The majority of other courts addressing this issue have held that a defendant bears the burden to show facts that would establish an exception to the state court's jurisdiction under the Indian Country Crimes Act. *See, e.g., State v. St. Francis*, 151 Vt. 384, 563 A.2d 249, 253 (1989) (defendants bear the burden of proving they are Indians by a preponderance of the evidence); *State v. Cutnose*, 87 N.M. 307, 309, 532 P.2d 896, 898 (1974) (defendants bear the burden of proving a lack of state court jurisdiction); *State v. Buckaroo Jack*, 30 Nev. 325, 96 P. 497, 498 (1908) (not incumbent on state to prove anything more than that offense was committed in the county; defendant has burden to prove facts depriving state court of jurisdiction); *Pendleton v. State*, 103 Nev. 95, 734 P.2d 693, 695 (1987) ("defendant has the burden of showing the applicability of negative exceptions in jurisdictional statutes"). The reasoning of these cases is compelling.

First, the state must meet the initial burden of proving that the offense occurred within this state. This element is part of the jurisdictional foundation for prosecution by an Arizona court. *See* A.R.S. §§ 13–108, –109. In this case, the jurisdictional foundation was met by the state's allegation in the indictment that the offense occurred within Maricopa County, and by the undisputed reference to that fact as part of the factual basis at the change of plea hearing. However, proving that the offense did not involve a member of the Salt River Indian Community is not a requisite element of establishing the offense of second degree murder. *See* A.R.S. § 13–1104. To place such a burden on the state would put it in the position of having to prove "the nonoccurrence of events which might deprive it of jurisdiction." *State v. Parker*, 294 S.C. 465, 366 S.E.2d 10, 12 (1988) (state had no burden to prove that crime committed on federal property was not with-

in exclusive federal jurisdiction). If we were to place this burden on the state, the state would be compelled to allege in every indictment or information negations of every conceivable exception to state court jurisdiction. *See Kansas City v. Garner*, 430 S.W.2d 630, 634–35 (Mo.App.1968) ("For example: (1) the offense ... did not occur on property owned by the Federal Government, and as to which property [the state] had relinquished and the United States had accepted sovereignty, or (2) the property taken was not federal property, or (3) the assault was not committed upon a federal officer, or (4) every other conceivable exception"). It would also place the state in the position of "proving a negative" of facts "peculiarly within the knowledge of [the tribe] and its individual members," information that "is more readily ascertainable by the defendants than by the State." *State v. St. Francis*, 563 A.2d at 252. Under such circumstances, the burden is placed on the "party having in form the affirmative allegation," "to whose case the fact is essential," and "the party who presumably has peculiar means of knowledge." 9 J. Wigmore, *Evidence in Trials at Common Law* § 2486 (1981), as quoted in *St. Francis*, 563 A.2d at 251–52; *see also In re Adolfo M.*, 225 Cal.App.3d 1225, 275 Cal. Rptr. 619, 623 (1990) ("rule of necessity and convenience" imposes the burden of proving a dispositional fact on a defendant where existence of the fact is within his personal knowledge and proof of its nonexistence would be difficult or inconvenient). Based on these reasons, we hold that the burden to show facts that would establish the trial court's lack of jurisdiction, because of exclusive federal jurisdiction under the Indian Country Crimes Act, is on defendant, not the state.

■ In this case defendant provided no evidence, at either the change of plea hearing or in his petition for post-conviction relief, to establish that either he or the victim was a member of the Salt River Indian Community. Rather, he has incorrectly argued that he has no obligation to establish this status in order to be entitled to relief from his conviction. Because he has not met this burden of alleging his or the victim's membership or affiliation with the Salt River Indian Community, the state had no burden to come forward

with affirmative evidence to establish the state court's jurisdiction. *See, e.g., Gardner v. State,* 263 Ark. 739, 569 S.W.2d 74, 77 (1978), *cert. denied,* 440 U.S. 911, 99 S.Ct. 1224, 59 L.Ed.2d 460 (1979) ("before the state is called upon to offer any evidence on the question of jurisdiction, there must be positive evidence that the offense occurred outside the jurisdiction of the court"). Nor do we find any duty of either the trial court or this court to search for evidence as to the membership status of defendant or the victim in the Salt River Indian Community. *See Kansas City v. Garner,* 430 S.W.2d at 635 ("we have neither the obligation nor the right to go outside the record for evidence which might enable us to determine the respective sovereignty and jurisdiction of [the state] and the United States regarding the building in question"). Defendant's failure to allege the Indian status of either himself or the victim is therefore fatal to his claim that the trial court lacked jurisdiction. In the words of the *Garner* court:

> Defendant's jurisdictional defense is not roped securely to facts proven of record but hangs by the thread of possibility. Unless timely raised and proved, it is unavailing.

*Id.*

 We also point out that defendant has raised this issue in the context of a petition for post-conviction relief. *See generally* Rule 32, Arizona Rules of Criminal Procedure. In order to be entitled to an evidentiary hearing, defendant must establish a "colorable claim," that is, one which factually has an appearance of validity in that, if the factual allegations were true, he would be entitled to relief. *State v. Lemieux,* 137 Ariz. 143, 147, 669 P.2d 121, 125 (App.1983). At such an evidentiary hearing, defendant would bear the burden to prove those factual allegations by a preponderance of the evidence. Rule 32.8(c), Arizona Rules of Criminal Pro-

cedure. However, defendant has not factually alleged that either he or the victim was an Indian, nor does this record contain any inference of such a necessary fact to entitle defendant to relief.[2] Therefore, the trial court correctly concluded that defendant has failed to raise a material issue of fact or law that would entitle him to relief, and no purpose would be served by an evidentiary hearing. *See* Rule 32.6(c), Arizona Rules of Criminal Procedure.

For the foregoing reasons, we find that defendant did not present a colorable claim in his petition. Accordingly, we grant review but deny relief.

CONTRERAS, P.J., and LANKFORD, J., concur.

---

2. The only indication in the record of defendant's national or racial status is in the presentence report and the psychological evaluation, which both include facts about defendant's family and social background. These documents establish that, at the time of the crime, defendant was an 18–year old Hispanic male, born in Albuquerque, New Mexico. His mother was born in Mexico, came to the United States when she was 16 years old as an illegal alien, and later obtained American citizenship. No information is included about defendant's father, other than the fact that he died before defendant's birth.

This information, although not sufficient to establish that defendant was a non-Indian, certainly does not create any inference on this record that defendant is a member of the Salt River Indian tribe, over whom exclusive federal jurisdiction would lie in a criminal prosecution.