46 P.3d 1071

**STATE of Arizona, Appellant,**

v.

**Samad SORKHABI, Appellee.**

No. 1 CA–CR 01–0605.

Court of Appeals of Arizona, Division 1, Department E.

May 30, 2002.

Janet Napolitano, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Richard M. Romley, Maricopa County Attorney by Colleen L. French, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James Haas, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

PATTERSON, Judge.

¶ 1 The state appeals the trial court's dismissal with prejudice of Samad Sorkhabi's ("defendant") conviction. The trial court determined that the state lacked subject matter jurisdiction because defendant committed the offense on an Indian reservation and the victims involved were Indians. We agree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 The facts are undisputed. In January 2000, defendant became disruptive at Casino Arizona, located on the Salt–River Pima Indian Reservation. He struggled with tribal police when they attempted to arrest him for his disruptive behavior and refusing to leave the casino when requested. He was subsequently arrested for disorderly conduct, re-

sisting arrest, criminal damage, and aggravated assault on a police officer.

¶ 3 The state charged defendant with resisting arrest, a class 6 felony, alleging that defendant "intentionally prevented or attempted to prevent" Abigail Platero, a peace officer acting under her color of authority, from effecting an arrest by using or threatening to use physical force against her. Defendant pled guilty to resisting arrest, a class 6 undesignated felony, and was placed on probation.

¶ 4 In September 2001, defendant violated his probation by committing a later offense. Before the disposition hearing, however, defendant moved to dismiss the January 2000 resisting arrest conviction because the state lacked subject matter jurisdiction to prosecute. Defendant asserted that federal law preempted state law because the offense occurred on an Indian reservation and the victim, Officer Platero, was an Indian. The trial court granted the motion to dismiss with prejudice. The state timely appealed. We have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, –4032 (2001).

## DISCUSSION

¶ 5 "We conduct de novo review of an order dismissing a complaint for lack of subject matter jurisdiction." *Fairway Constructors, Inc. v. Ahern*, 193 Ariz. 122, 124, ¶ 6, 970 P.2d 954, 956 (App.1998).

¶ 6 The state has exclusive jurisdiction over crimes committed by non-Indians against non-Indians on an Indian reservation. *State v. Flint*, 157 Ariz. 227, 231, 756 P.2d 324, 328 (App.1988). State jurisdiction also includes victimless crimes by non-Indians on a reservation. *See State v. Burrola*, 137 Ariz. 181, 182–83, 669 P.2d 614, 615–16 (App. 1983); *see also Solem v. Bartlett*, 465 U.S. 463, 465 n. 2, 104 S.Ct. 1161, 79 L.Ed.2d 443 (1984). The state's jurisdiction over these crimes is based on the fact that "such crimes do not involve essential tribal relations or affect the rights of Indians." *Flint*, 157 Ariz. at 231, 756 P.2d at 328.

¶ 7 The trial court determined that defendant, a non-Indian, committed the crime of resisting arrest against Officer Platero, an Indian; therefore, the crime fell exclusively under federal jurisdiction. The state asserts that resisting arrest is a victimless crime, and thus, the state properly had jurisdiction. We find that Officer Platero was a "victim" of the resisting arrest charge for the following reasons.

¶ 8 The crime of resisting arrest is defined under A.R.S. § 13–2508(A) (1989) as involving a person who intentionally prevents or attempts to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by:

1. Using or threatening to use physical force against the peace officer or another; or

2. Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

¶ 9 For purposes of statutory interpretation, we first consider whether the language of the statute is clear before turning to other factors. *See Norgord v. State*, 201 Ariz. 228, 231, ¶ 7, 33 P.3d 1166, 1169 (App. 2001). The statute's plain language demonstrates that resisting arrest is a crime committed against a person. Defendant must use or threaten to use physical force or any other means that creates a substantial risk of causing physical injury to the peace officer or another to violate § 13–2508. If defendant prevented arrest without using or threatening to use physical force or other means creating substantial risk of physical injury, he "avoids arrest." *See State v. Womack*, 174 Ariz. 108, 114, 847 P.2d 609, 615 (App. 1992)("Mere flight does not constitute resisting arrest...."). Consequently, defendant must demonstrate criminal conduct toward an individual, peace officer or another, to commit the crime of resisting arrest.

¶ 10 Here, defendant struggled with Officer Platero and her fellow officer. The statute speaks directly to defendant's action of engaging these officers in a physical confrontation. The display of force used by defendant brought his conduct squarely under the provisions of § 13–2508(A)(1).

¶ 11 A "victimless crime" applies to "a crime which generally involves only the criminal, and which has no direct victim." *Black's Law Dictionary* 1567–68 (6th ed.1990). Resisting arrest involves more than just the criminal. Another person must be involved before a defendant can commit the crime of resisting arrest. By the plain language of the statute, resisting arrest requires the defendant to prevent, or attempt to prevent, arrest by actions defined under § 13–2508(A), while directed against another individual. These requirements were satisfied in this matter.

¶ 12 Additionally, "victim," under A.R.S. § 13–4401(18)(Supp.1999),[1] "means a person against whom the criminal offense has been committed." " 'Criminal offense' means conduct that gives a peace officer or prosecutor probable cause to believe that a felony or that a misdemeanor involving physical injury, the threat of physical injury or a sexual offense has occurred." A.R.S. § 13–4401(6)(Supp.1999).

¶ 13 Looking at the plain language of the statutes, we find that Officer Platero falls within the definition of "a person against whom the criminal offense [was] committed." By struggling with Officer Platero, defendant's conduct gave rise to a felony involving "the threat of physical injury," which constitutes a criminal offense under A.R.S. § 13–4401(6). Accordingly, the superior court did not have jurisdiction over this matter. *State v. Verdugo*, 183 Ariz. 135, 137, 901 P.2d 1165, 1167 (App.1995) ("If defendant or the victim is an Indian and the crime was committed within Indian country, ... then the state superior court has no subject matter jurisdiction to try defendant for the offense.").

¶ 14 As an alternative argument, the state asserts that Officer Platero is not a tribe member of the Salt River Pima Tribe, and that the court should consider her a non-Indian for purposes of jurisdiction. During the hearing before the trial court, however, the state stipulated that (1) defendant's resisting arrest conduct in January 2000 occurred in the Salt–River Indian Reservation and (2) the officers involved were Native American. The state's stipulation at the hearing neither spoke to the issue raised on appeal nor suggested it as an unanswered matter needing attention by the trial court. The issue surrounding Officer Platero's status is therefore waived. *See, e.g., State v. Brita*, 158 Ariz. 121, 124, 761 P.2d 1025, 1028 (1988) (state may not raise issue on appeal which it did not raise before the trial court).

## CONCLUSION

¶ 15 For the reasons stated, we find that Officer Platero was a victim of the crime of resisting arrest. The trial court, therefore, properly dismissed defendant's conviction. We affirm.

CONCURRING: E.G. NOYES, JR., Presiding Judge and MICHAEL D. RYAN, Judge.

---

1. A.R.S. § 13–4401(18) is now renumbered as § 13–4401(19)(2001).