HOWE, Judge,
dissenting:
¶ 23 I respectfully dissent. The majority rules that the right against double jeopardy prohibits Jurden from being convicted of two counts of resisting arrest out of a single event, even though Jurden committed separate criminal acts against each police officer who was struggling to arrest him. The majority does so by finding that the resisting arrest statute, A.R.S. § 13-2508, is ambiguous about whether it applies on a per-arrest or a per-victim basis — whether it is event-directed or victim-directed — and then uses secondary rules of statutory construction to hold that the Legislature intended for the statute to apply on a per-arrest basis.
¶ 24 The problem with the majority’s analysis, however, is that in finding A.R.S. § 13-2508 ambiguous, it fails to examine the words of the statute to determine if they are subject to more than one reasonable interpretation; it merely declares that they are. This leads to another problem. Untethered from the statute’s actual words, the majority is left to divine the Legislature’s intent from the statute’s “historical background, statutory context, and other relevant factors,” supra ¶ 11, comparatively weak tools of construction that are themselves open to ambiguity. Moreover, the majority does not adequately address how its analysis is compatible with this Court’s prior decisions holding that the Legislature intended the statute to be victim-directed. When the statute’s language is examined and the relevant decisions from this Court are considered, the answer is clear and contrary to the majority’s analysis: a defendant can be convicted of more than one count of resisting arrest arising out of a single event without violating double jeopardy if the defendant has committed the criminal acts composing that offense against more than one officer.
¶ 25 Whether a defendant has received multiple punishments for committing one offense depends on the Legislature’s intent. The “substantive power to prescribe crimes and determine punishments is vested with the legislature.” Ohio v. Johnson, 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); see also Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (“[T]he legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments.”). “[T]he question of what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed.” Albernaz v. United States, 450 U.S. 333, 344,101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Thus, if the Legislature intends to impose multiple punishments for a single offense, the punishments are not truly multiple for purposes of double jeopardy. Id.
*430 ¶ 26 Although the majority finds A.R.S. § 13-2508 ambiguous “on its face” about whether it is event-directed or victim-directed, it does so without examining the very things that make up the “face” of a statute: its words.[3] No statute identifies itself as event-directed or victim-directed; that depends on the Legislature’s intent for the statute. Johnson, 467 U.S. at 499, 104 S.Ct. 2536 (“[T]he question under the Double Jeopardy Clause whether punishments are ‘multiple’ is essentially one of legislative intent.”). And the best and most reliable indication of that intent is the statute’s language. State v. Hansen, 215 Ariz. 287, 289 ¶ 7, 160 P.3d 166, 168 (2007). If the language is clear and unequivocal, id., we need not resort to other methods of interpretation, State v. Christian, 205 Ariz. 64, 66 ¶ 6, 66 P.3d 1241, 1243 (2003).
¶ 27 Contrary to the majority’s declaration of ambiguity, the words of A.R.S. § 13-2508 are clear and unequivocal that the crime of resisting arrest is victim-directed. The resisting arrest statute provides in relevant part:
A. A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer’s official authority, from effecting an arrest by:
1. Using or threatening to use physical force against the peace officer or another.
2. Using any other means creating a substantial risk of causing physical injury to the peace officer or another.
3. Engaging in passive resistance.
A.R.S. § 13-2508(A). “Passive resistance” is “a nonviolent physical act or failure to act that is intended to impede, hinder or delay the effecting of an arrest.” A.R.S. § 13-2508(C). Thus, the statute requires proof that an individual (1) intentionally prevented or attempted to prevent (2) a person reasonably known to him to be a peace officer acting under color of authority (3) from effecting an arrest by (4)(a) using or threatening physical force, (b) creating a substantial risk of physical injury to the officer, or (c) engaging in passive resistance.
¶ 28 The statute’s plain language demonstrates that resistance to arrest depends on each person resisted — on each victim — not on the event of the arrest itself. As the preamble provides, to violate A.R.S. § 13-2508, an individual must perform one of the actions defined by subsection (A) to prevent “a person” from effecting an arrest. The statute then lists alternative ways in which the individual can commit the offense; all these alternatives are directed towards “a person,” whether it be a peace officer or another. Specifically, for subsections (A)(1) and (A)(2), the individual must use or threaten to use physical force “against the peace officer or another” or use any other means that creates a substantial risk or causes physical injury “to the peace officer or another.” A.R.S. § 13-2508(A)(1-2). For subsection (A)(3), an individual resists arrest by intentionally engaging in passive resistance, that is, by engaging in a nonviolent physical act or failing to act intending to impede, hinder, or delay a person from effecting an arrest. Under the words of the statute, an individual commits the offense not by resisting the event of an arrest, but by resisting the peace officer effecting the arrest. The statute is thus not event-directed, but victim-directed.[4]
¶ 29 This interpretation of A.R.S. § 13-2508 is not original. This Court has previously recognized that A.R.S. § 13-2508 is a victim-directed crime. See State v. Mitchell, *431 204 Ariz. 216, 219 ¶ 16, 62 P.3d 616, 619 (App.2003) (“The purpose of the resisting arrest statute is to protect peace officers and citizens from substantial risk of physical injury.”); State v. Sorkhabi, 202 Ariz. 450, 453 ¶ 11, 46 P.3d 1071, 1074 (App.2002) (“By the plain language of the statute, resisting arrest requires the defendant to prevent, or attempt to prevent, arrest by actions defined under § 13-2508(A), while directed against another individual.”); see also State v. Womack, 174 Ariz. 108, 111, 847 P.2d 609, 612 (App.1992) (providing that the legislative intent of A.R.S. § 13-2508, which was adopted from Hawaii’s statute, “is to prohibit threats or any conduct that creates a substantial risk of injury to another, including the officer”); 1 Rudolph J. Gerber, Criminal Law of Arizona 2508-3 (2d ed. 1993 & Supp.2000) (“The statute’s purpose is to prohibit threats or any conduct that creates a substantial risk of injury to another, including the officer.”). The majority disregards these decisions because they do not address the double jeopardy issue. See supra ¶ 17. But that does not diminish their effect; they address the issue before us today — whether the statute is event-directed or victim-directed — and resolve it contrary to the majority’s conclusion.
¶ 30 Because the plain language demonstrates that resisting arrest is a victim-directed crime, when a defendant has resisted more than one person, the individual can be charged with and convicted of more than one count of resisting arrest — one for each person that the individual has committed criminal conduct against — without running afoul of the Double Jeopardy Clause. See Albernaz, 450 U.S. at 344, 101 S.Ct. 1137 (“Where Congress intended ... to impose multiple punishments, imposition of such sentences does not violate the Constitution.”); see also State v. Burdick, 211 Ariz. 583, 585-86 ¶¶ 5-10, 125 P.3d 1039, 1041-42 (App.2005) (“[W]here crimes against persons are involved we believe a separate interest of society has been invaded with each victim and that, therefore, where two persons are assaulted, there are two separate offenses.”); State v. Riley, 196 Ariz. 40, 45-6 ¶¶ 17-19, 992 P.2d 1135, 1140-41 (App.1999) (holding the defendant properly convicted of multiple counts of armed robbery against bank employees even though the defendant robbed only the bank). Consequently, Jurden’s two convictions for resisting arrest arising from his single arrest do not violate the Double Jeopardy Clause.
¶ 31 Despite the statute’s language and our prior decisions demonstrating that the statute is victim-directed, the majority believes that the Legislature could not have intended for it to be interpreted that way. Supra ¶ 20. If it were, the majority claims, the number of resisting arrest offenses an individual could face would depend on a “fortuitous event[]” — the number of officers involved in an arrest. The majority presents two hypotheticals to illustrate its point.
¶ 32 But the majority misunderstands the proper analysis, and neither hypothetical accurately describes how the statute works. As noted throughout my dissent, an individual commits resisting arrest only if he commits the statutorily-proscribed conduct against a peace officer effecting an arrest. Thus, merely waving a gun “in the direction of’ 30 peace officers — without additional evidence that each of those 30 officers was attempting to effect the individual’s arrest— does not mean that the individual committed 30 acts of resisting arrest. Likewise, an individual who passively lies on the ground when 15 officers arrive on the scene has not committed 15 acts of resisting arrest by passive resistance without additional evidence that each of the 15 officers was attempting to effect the individual’s arrest. Mere attendance at the scene of an arrest does not make a peace officer a victim of resisting arrest; the officer must be attempting to effect an arrest before he may be a victim. The majority consequently fails to show that interpreting the statute as victim-directed causes absurd results. The majority’s argument does not change that the Legislature intended the statute to be victim-directed, which means that Jurden was properly convicted of two counts of resisting arrest.
¶ 33 The majority bases its contrary conclusion that A.R.S. § 13-2508 is an event-directed crime not on the statute’s language or any decision interpreting it, but on the statute’s historical background, its statutory *432 context, and the Legislature’s 2012 amendment that added “passive resistance” as a way of committing resisting arrest. See supra ¶ 11. But these circumstances are themselves ambiguous and consequently too thin to bear the weight that the majority puts on them.
¶ 34 The majority first finds that the statute is event-directed because when it was enacted in 1977 as part of the new Arizona Criminal Code, it was a “sharp break” from the prior law on resisting arrest. Supra ¶ 13. Under pre-1977 law, an individual was permitted to resist an illegal arrest, but the Legislature did not keep that provision in the new A.R.S. § 13-2508. According to the majority, this decision signifies that the Legislature wanted to bring A.R.S. § 13-2508 in line with the common law, which provided that resisting arrest was a crime against the State.
¶ 35 The majority, however, provides no authority stating that the Legislature made the change for this reason. The Legislature may have had any number of reasons for making such a change. It may have simply believed that prohibiting an individual from resisting an arrest whether or not it was legal enhanced the safety of peace officers. Making the change for that reason is consistent with a peace officer/victim-directed interpretation of the statute. Moreover, the majority’s argument fails to account for this Court’s decisions — all decided after 1977— that A.R.S. § 13-2508 is a victim-directed crime. See Mitchell, 204 Ariz. at 219 ¶ 16, 62 P.3d at 619; Sorkhdbi, 202 Ariz. at 452 ¶ 9, 46 P.3d at 1073; Womack, 174 Ariz. at 111, 847 P.2d at 612.
¶ 36 The majority also notes that A.R.S. § 13-2508 is organized in the Arizona Criminal Code with other crimes that the majority classifies as “crimes against state authority,” such as escape, failure to appear, and hindering prosecution. Supra ¶ 14. Undoubtedly, resisting arrest has similar aspects to those other crimes, which explains its inclusion in a section with those crimes in the criminal code. But that does not mean that resisting arrest is not a victim-directed crime. Unlike escape, failure to appear, and hindering prosecution, resisting arrest cannot be committed without physical resistance to another person that puts that person’s safety or well-being at risk. Moreover, the organizational placement of the statute means little in the face of subsequent decisions from this Court holding that resisting arrest is a victim-directed crime. See supra ¶ 29.
¶ 37 The majority next finds that because the Legislature amended the statute in 2012 to include “passive resistance,” the amendment further indicates the Legislature’s intent that the statute be an event-directed crime. See supra ¶ 15. But nothing in the amendment changes the statute’s focus on the peace officer as the victim. Before the amendment, the statute was victim-directed because an individual committed the offense by using or threatening physical force against a peace officer or creating a substantial risk of physical injury to a peace officer to prevent the peace officer from effecting an arrest. A.R.S. § 13-2508(A)(1)-(2). The amendment merely adds a third way of committing the crime, passive resistance. A.R.S. § 13-2508(C). The statute nevertheless remains victim-directed. An individual engaging in passive resistance still must direct his resistance towards someone else; without a peace officer effecting an arrest, the individual need not engage in passive resistance.
¶ 38 The amendment had no effect on changing the interpretation of A.R.S. § 13-2508 for yet another reason. When the Legislature enacted the amendment, it was aware that this Court had already determined in Mitchell, Sorkhdbi, and Womack that A.R.S. § 13-2508 was a victim-directed crime and that the purpose of the statute was to protect peace officers and citizens from substantial risk of physical injury. See State v. Box, 205 Ariz. 492, 496, 73 P.3d 623, 627 (App.2003) (noting that “the legislature is presumed to know existing law when it enacts a statute”). Thus, contrary to the majority’s position, the Legislature added “passive resistance” merely to broaden the scope for actions that can constitute resisting arrest. The amendment consequently does not support the majority’s position. The factors the majority relies on are ambiguous and do not clearly support its interpretation of the resisting arrest statute.
*433 ¶ 39 The Legislature indeed could have chosen to draft A.R.S. § 13-2508 as event-directed, so that a defendant would be guilty of only one resisting arrest crime regardless of the number of peace officers the defendant resisted. However, it did not. The Legislature drafted the statute as victim-directed because it wanted to protect peace officers from the substantial risk of injury when they effectuate arrest, as the statute’s clear language provides and as this Court has repeatedly recognized. Under this correct understanding of the law, Jurden was properly convicted of two counts of resisting arrest because he committed separate criminal acts against two police officers. For that reason, I dissent.

. Of course, a statute’s words are not the only source of ambiguity; ambiguity may also result from "the general scope and meaning of [the] statute when all its provisions are examined," State v. Sweet, 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). But the majority fails to explain how the provisions of A.R.S. § 13-2508, when considered together, result in ambiguity.

. The majority claims that I am merely analyzing the elements of the offense of resisting arrest and not the "legislature’s description of the scope of the conduct.” Supra ¶ 19. But because the “scope of the conduct” proscribed by a statute is described by the elements of the offense in that statute, I fail to see the distinction. No matter how the analysis is characterized, however, I am analyzing the words of A.R.S. § 13-2508 to determine whether they clearly and unequivocally show that the statute is victim-directed, an analysis the majority declines to perform.