NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JACQUELINE OLIVIA BOOZER, *Appellant.*

No. 1 CA-CR 17-0134
FILED 12-19-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2016-119916-001
The Honorable James R. Rummage, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge James B. Morse Jr. joined.

**M c M U R D I E**, Judge:

**¶1** Jacqueline Olivia Boozer appeals her conviction for resisting arrest. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2** Boozer was detained at a Walmart in Phoenix after a store loss prevention officer observed her place store merchandise in her purse and attempt to leave without paying for the items. Walmart contacted the Phoenix Police Department and two officers responded. When the police arrived, Boozer appeared "agitated" and did not comply with one officer's requests to sit down. The officers then attempted to handcuff Boozer, but she repeatedly pulled away from and struggled with the officers. Eventually, the officers handcuffed Boozer and escorted her to their patrol car.

**¶3** The State charged Boozer with one count of resisting arrest and one count of shoplifting. Before trial, Boozer moved to determine the officers' victim status under the Victims' Bill of Rights, requesting the court find that the officers were not victims. The superior court denied the motion and affirmed the officers' status as victims. A jury convicted Boozer of both counts. The superior court sentenced Boozer to .75 years' imprisonment for the resisting arrest conviction and to 3 days' incarceration for the shoplifting conviction. Boozer timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-120.21(A)(1).

---

[1] We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against Boozer. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

## DISCUSSION

**A.    The Superior Court Did Not Err by Affirming the Officers' Victim Status under the Victims' Bill of Rights.**

**¶4**        Boozer argues the superior court erred by finding the police officers who arrested her were victims under the Victims' Bill of Rights and, therefore, not subject to pre-trial interviews. We interpret the application of the Victims' Bill of Rights *de novo*. *State ex rel. Montgomery v. Padilla (Simcox)*, 238 Ariz. 560, 564, ¶ 12 (App. 2015).

**¶5**        Superior courts are bound by the decisions of a higher court. *Sell v. Gama*, 231 Ariz. 323, 330, ¶ 31 (2013). For the superior court, a decision of this court is impliedly overruled only when our precedent is clearly irreconcilable with intervening authority. *See Blevins v. Gov't Emps. Ins. Co.*, 227 Ariz. 456, 462, ¶ 25 (App. 2011) (statutory changes did not implicitly overrule prior precedent when the statute and caselaw were reconcilable). In affirming the officers' victim status here, the superior court stated it did not read *State v. Jurden* "as expansive" as Boozer. The court noted *Jurden* did not exclude officers as victims under the Victims' Bill of Rights, and that "nowhere in the case did they specifically overrule that prior finding of the Court of Appeals, [in *State v. Sorkhabi*] which basically held that victim status [was] appropriate." *Jurden*, 239 Ariz. 526 (2016); *Sorkhabi*, 202 Ariz. 450 (App. 2002). The superior court did not err by following *Sorkhabi.*

**¶6**        Boozer asks that we review *Sorkhabi* in light of *Jurden.* We have done so, and affirm our previous holding that police officers are victims under the Victims' Bill of Rights as charged in this case.

**¶7**        Under the Victims' Bill of Rights, a "victim" is a person "against whom the criminal offense has been committed." Ariz. Const. art. 2, § 2.1(C). A qualifying victim has the right to refuse to be interviewed or deposed by a defendant.[2] Ariz. Const. art. 2, § 2.1(A)(5); A.R.S. § 13-4433(A). As charged here, a person resists arrest by "intentionally preventing or

---

[2]        Any witness may refuse to be interviewed by the defense. *Mota v. Buchanan*, 26 Ariz. App. 246, 249 (1976). The party seeking the interview of a non-victim may then move the court to order a deposition, but must show that "the person's testimony is material to the case or necessary [to] adequately . . . prepare a defense or investigate the offense, . . . the person was not a witness at the preliminary hearing . . . and . . . the person will not cooperate in granting a personal interview." Ariz. R. Crim. P. 15.3(a)(2).

attempting to prevent a person reasonably known to [her] to be a peace officer, acting under color of such peace officer's official authority, from effecting arrest by . . . using or threatening to use physical force against the peace officer." A.R.S. § 13-2508(A)(1).

**¶8**　　　In *Sorkhabi,* we held that a police officer can be a "victim" of resisting arrest. 202 Ariz. at 452, ¶ 7. We explained, "[t]he statute's plain language demonstrates that resisting arrest is a crime committed against a person . . . [and a] defendant must demonstrate criminal conduct toward an individual, peace officer or another, to commit . . . resisting arrest." *Id.* at ¶ 9. In *Jurden*, our supreme court held resisting arrest is an "event-directed" offense. 239 Ariz. at 530, ¶ 17 (analyzing whether double jeopardy prohibits multiple convictions under the resisting arrest statute stemming from a single uninterrupted event). Boozer contends *Jurden* and "other developments in the law" have implicitly overruled *Sorkhabi*, and that police officers are no longer victims of resisting arrest or entitled to victims' rights. For support, Boozer cites: (1) the 2012 amendment to the resisting arrest statute;[3] (2) an amended definition of "criminal offense" under A.R.S. § 13-4401(6);[4] (3) the court's holding in *Jurden* that the resisting arrest statute is ambiguous; and (4) legislative intent.

**¶9**　　　None of Boozer's arguments are persuasive. First, although the resisting arrest statute was amended to include preventing arrest by "engaging in passive resistance," the statute continues to include resisting arrest by using or threatening physical force against a peace officer. A.R.S. § 13-2508(A)(1). This is the conduct the court in *Sorkhabi* found sufficient to find the officer a "victim" of resisting arrest. 202 Ariz. at 452, ¶ 10. The amendment to the statute does not, therefore, necessarily imply an officer

---

[3]　　　The legislature amended the resisting arrest statute in 2012 to include preventing an officer from effecting an arrest by "[e]ngaging in passive resistance." A.R.S. § 13-2508(A)(3). Because Boozer was not charged with "passive resistance," we leave for another day whether an officer in that scenario would be classified as a victim.

[4]　　　In 2012, the legislature amended the definition of "criminal offense" under § 13-4401(6) from "conduct that gives a peace officer . . . probable cause to believe that . . . a felony [or] a misdemeanor involving physical injury, the threat of physical injury or a sexual offense [has occurred]" to "conduct that gives a peace officer . . . probable cause to believe that a felony, a misdemeanor, a petty offense, or a violation of a local criminal ordinance has occurred." 2012 Ariz. Sess. Laws, ch. 268, § 2 (2nd Reg. Sess.).

cannot be a victim of resisting arrest. Here, Boozer was charged with preventing arrest by "using or threatening to use physical force against the peace officer(s)," the same crime the defendant in *Sorkhabi* was charged with. *Id.* at 452, ¶ 3.

**¶10** For the same reason, the change to the definition of "criminal offense," which eliminated the requirement of a threat of physical injury, does not change the *Sorkhabi* analysis. Boozer was charged and convicted for using or threatening to use physical force. We need not analyze how the statute may be applied in a different scenario, as that case is not before us.

**¶11** Boozer also argues *Jurden* found the resisting arrest statute ambiguous, allowing the court to review the legislative intent, and "legislative intent supports the finding that [the police officers here] are not entitled to the protections of victim's rights." The *Jurden* holding that § 13-2508 is ambiguous concerned whether the statute should be read to designate an event-directed or victim-directed unit of prosecution. 239 Ariz. at 530, ¶ 16. After considering legislative history, the court held resisting arrest is an event-directed offense because that interpretation satisfies both purposes of § 13-2508: mandating submission to the state and protecting officers. *Id.* at 531–32, ¶¶ 21, 26 (the statute's primary purpose is protecting the State's authority). *Jurden* did not find the statute ambiguous concerning the threat directed at an officer that would make the officer a victim.

**¶12** To support her argument that legislative intent suggests police officers are not victims under the Victims' Bill of Rights, Boozer relies on the legislative changes to § 13-2508 and the definition of "criminal offense," discussed above, and the current statutory scheme making aggravated assault against a police officer a higher-class felony than resisting arrest. In *Jurden*, the court explained that resisting arrest is in a separate chapter of the criminal code than assault and aggravated assault, A.R.S. §§ 13-1203 to -1204, and "[t]herefore, the goal of protecting individual officers does not require interpreting § 13-2508 as a victim-focused offense because a criminal sanction already exists . . . for injuries or threat of injuries to officers." 239 Ariz. at 532, ¶ 25. However, the court also stated the "statute serves *both* to punish resistance to state authority *and* to protect officers." *Id.* at ¶ 26 (emphasis added). We do not find any of Boozer's arguments warrant reconsidering the holding in *Sorkhabi*.

**¶13** Finally, even if we were to conclude the officers were not victims under the Victims' Bill of Rights, any error was harmless beyond a reasonable doubt in this case. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18

(2005) ("Reviewing courts consider alleged trial error under the harmless error standard when a defendant objects at trial and thereby preserves the issue for appeal."); *see also* A.R.S. § 13-3987 (a trial error is not grounds for reversal "unless it actually has prejudiced, or tended to prejudice, the defendant in respect to a substantial right.") Here, Boozer's attorney cross-examined one of the arresting officers at a preliminary hearing. *See* Ariz. R. Crim. P. 15.3(a)(2) (the party seeking a court ordered deposition must show the person was not a witness at a preliminary hearing). Her attorney also cross-examined both officers at trial. The State's primary evidence at trial was a videotape of the struggle between Boozer and the officers, which Boozer admits she had access to prior to trial. Although Boozer did not know precisely what the officers would testify to at trial, she has not shown that a pre-trial interview would have provided her with information she was entitled to obtain, or that her attorney was unable to adequately prepare for trial without the interview.

**B.      Boozer's Procedural Due Process Rights Were Not Violated.**

**¶14**          Boozer argues that even if the officers were victims under the Victims' Bill of Rights, her due process rights were violated because her attorney was not permitted to interview the arresting officers before trial. Restrictions imposed on a defendant pursuant to the Victims' Bill of Rights "must be proportionate to the interest of protecting the victim as balanced against the defendant's due process right to a fundamentally fair trial." *State ex rel. Romley v. Superior Court (Roper)*, 172 Ariz. 232, 240 (App. 1992). A criminal defendant has no general right to pre-trial discovery. *State v. Tucker*, 157 Ariz. 433, 438 (1988); *State v. Connor*, 215 Ariz. 553, 561, ¶ 21 (App. 2007). Before a victim can be compelled to comply with a discovery request, the defendant "must first show a 'reasonable probability that the information sought by the defendant include[s] information to which [he or] she [is] entitled as a matter of due process.'" *State v. Sarullo*, 219 Ariz. 431, 437, ¶ 20 (App. 2008) (a crime victim was not required to produce medical records protected by the Victims' Bill of Rights without a showing the records contained exculpatory evidence).

**¶15**          Boozer has not shown a pre-trial interview of the officers would have produced information due process entitled her to obtain. She argues her attorney's inability to interview the officers was such that it prevented her from achieving the "basic notions of minimal competence" required of attorneys. *See State v. Draper*, 162 Ariz. 433, 439 (1989) ("[E]xcept in the most unusual circumstances, it offends basic notions of minimal competence of representation for defense counsel to fail to interview any state witnesses prior to a major felony trial."). However, failure to interview

a witness prior to trial does not necessarily render counsel ineffective or prejudice the defendant.[5] *Id.* ("Defense counsel often may obtain information concerning a victim's expected testimony from sources other than the victim, such as police reports, interviews with other witnesses, preliminary hearings, and grand jury transcripts.").

**¶16**      Boozer's inability to interview the officers prior to trial did not violate her due process rights under the facts of this case.

## CONCLUSION

**¶17**      For the foregoing reasons, we affirm Boozer's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[5]    To the extent Boozer is challenging the effectiveness of her counsel, we decline to consider the merits of that argument. A claim for ineffective assistance of counsel must be raised in a petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).